**John O. STUDY, Plaintiff,**

v.

**UNITED STATES, et al., Defendants.**

**No. IP 91–685–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 13, 1991.

John O. Study, pro se.

Thomas E. Kieper, Asst. U.S. Atty., Indianapolis, Ind., for U.S., U.S. Dept. of Justice, Dick Thornburg, U.S. Atty., U.S. Parole Com'n, Frank D. Hall, Jr., Chief and Fred Cohen of U.S. Probation Office.

Ronald J. Semler, Deputy Atty. Gen., Indianapolis, Ind., for Supt. Lloyd Jennings, Detective Ernest R. Mathis, Deputy Prosecutor Dan Henke, Deputy Prosecutor Jeff Wehmueller and Indiana State Police.

T. J. Gardner, City County Legal Div., Indianapolis, Ind., for Marion County Sheriff's Dept., Marion County Sheriff Joseph McAtee, Deputy Chief Bill Romeril and Marion County Municipal Court.

Richard Ewing, Stewart & Irwin, Indianapolis, Ind., for Gary Barney, Chief of Police, Ronald K. Adams, Police Officer, Roger Conn, Sergeant, and Robert Smith, Major, Carmel Police Dept.

Michael A. Howard, Noblesville, Ind., for John Doe, Any (Person, entity, agency and sovereign) in their individual and/or official capacities.

## ENTRY GRANTING MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT

NOLAND, District Judge.

This cause is before the Court on the plaintiff's amended complaint and on the dispositive motions of various defendants.

Whereupon the Court, having read and examined such amended complaint and motions, and being duly advised, now makes its ruling.

### Background

The plaintiff was, at last report, an inmate at the Marion County Jail awaiting the trial or other disposition of a number of criminal charges. His allegations in the present action touch on a number of persons associated with his past and present contact with the courts and the criminal

justice system. As described in the Court's Entry of June 28, 1991:

> Mr. Study was arrested in Florida on one or more Indiana warrants in February 1991 and arrived in Indiana in April. Charges were pending or filed against him in the courts of Hamilton County and Marion County. He was tried and acquitted of a theft—larceny charge in Hamilton County on June 25–26, 1991. Upon the conclusion of that prosecution he arrived in Marion County, where he faces trial on six charges and is detained in lieu of $70,000.00 bond.

The theme of both the complaint and the emergency motion is that the present (and recently concluded) prosecutions are the result of personal vindictiveness on the part of the plaintiff's federal parole officer, defendant Mike Kendall.

The following motions have been filed by the designated defendant(s) and are now ripe for ruling:

| | | |
|---|---|---|
| Henke and Wehmueller | Motion to Dismiss | August 9, 1991 |
| United States, Thornburgh, Hall, Coan, Kendall, Ray | Motion to dismiss or for Summary Judgment | October 11, 1991 |
| Marion County Sheriff's Department, Sheriff McAtee, Deputy Romerils | Motion to Dismiss | October 28, 1991 |
| Indiana State Police, Lloyd Jennings, Ernest Mathis | Motion to dismiss or for Summary Judgment | October 30, 1991 |
| Carmel Police Department, Barney, Adams, Conn, Smith | Motion to Dismiss | November 18, 1991 |
| Carmel Police Department, Barney, Adams, Conn, Smith | Motion to Dismiss or for Summary Judgment | November 18, 1991 |

There are other defendants, notably the State of Indiana, Linley Pearson and "any John Doe." The status of these defendants will be addressed at the conclusion of this Entry.

### Discussion

*Standards of Review*

Certain defendants have filed motions to dismiss the complaint for failure to state a claim upon which relief can be granted, while others have sought the entry of summary judgment. These motions must, of course, be considered separately, though where alternative motions have been filed the Court will analyze the matter in the most convenient fashion.

The standard for assessing the sufficiency of a complaint under Rule 12(b)(6) was recently reviewed in balanced terms by Court of Appeals in *Perkins v. Silverstein*, 939 F.2d 463, 466–67 (7th Cir. 1991):

> In determining the propriety of dismissal under Fed.R.Civ.P. 12(b)(6), the district court ... must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 [94 S.Ct. 1683, 1686, 40 L.Ed.2d 90] (1974); *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir.1989); *Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1032–33 (7th Cir.1987). If it appears beyond doubt that plaintiffs can prove any set of facts consistent with the allegations in the complaint which would entitle them to relief, dismissal is inappropriate. *Hishon v. King & Spalding*, 467 U.S. 69, 73 [104 S.Ct. 2229, 2232, 81 L.Ed.2d 59] (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46 [78 S.Ct. 99, 101–102, 2 L.Ed.2d 80] (1957); *Illinois Health*

*Care Ass'n v. Illinois Dept. of Public Health,* 879 F.2d 286, 288 (7th Cir.1989). They may not avoid dismissal, however, simply by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims. *Sutliff, Inc. v. Donovan Companies,* 727 F.2d 648, 654 (7th Cir.1984); *see also, Gomez,* 811 F.2d at 1033 (court not bound by plaintiffs' legal characterization of the facts); *Strauss v. City of Chicago,* 760 F.2d 765, 767–68 (7th Cir.1985) (absence of any facts to support plaintiff's claim renders allegations mere legal conclusions subject to dismissal).

This explication of the standard is "balanced" in *Perkins* because it reflects the insight that factual allegations rather than bare legal conclusions must support a cause of action. In addition, we are careful to follow

> the well-settled law of this Circuit that *pro se* complaints are not held to the stringent standards expected of pleadings drafted by lawyers. In contrast, *pro se* complaints are to be liberally construed.... We also recognize that ... a *pro se* civil rights complaint may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief.

*Wilson v. Civil Town of Clayton,* 839 F.2d 375, 378 (7th Cir.1988) (citations omitted). *See also Murphy v. Lane,* 833 F.2d 106 (7th Cir.1987).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Herman v. National Broadcasting Co., Inc.,* 744 F.2d 604, 607 (7th Cir.1984), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1393, 84 L.Ed.2d 782 (1985). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an ele-

ment essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. "In determining whether factual issues exist, a reviewing court must view all the evidence in the light most favorable to the non-moving party." *Black v. Henry Pratt Co.,* 778 F.2d 1278, 1281 (7th Cir.1985).

Specific Motions of Specific Defendants

█ *Defendants Dan Henke and Jeff Wehmueller.* These defendants are deputy prosecuting attorneys in Hamilton County. They represented the State of Indiana in the Hamilton County prosecution which concluded June 1991 with the plaintiff being acquitted after jury trial on charges of theft and larceny. They are sued in their official and individual capacities. They argue persuasively that their position is one of state office, even though employed by a specific county. To that extent the action is in all respects other than name against the State of Indiana. *Graham v. Kentucky,* 473 U.S. 159, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985). And the State of Indiana is not subject to suit for damages in this Court for two reasons: first, it is not a "person" as that term is used in 42 U.S.C. § 1983, *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 2309–2311, 105 L.Ed.2d 45 (1989); and second, it is protected from suit by the Eleventh Amendment, which it has not waived insofar as it is sued in a federal court. *See Sheets v. Indiana Department of Correction,* 656 F.Supp. 733 (S.D.Ind. 1986). No suit can be maintained against the State of Indiana and the plaintiff's *pro se* status cannot alter this.

█ Insofar as defendants Henke and Wehmueller are named in their individual capacities they are entitled to absolute immunity from acts taken to initiate or conduct a prosecution. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This absolute immunity "shelters prosecutors even when they act maliciously, wantonly or negligently." *Rykers v. Alford,* 832 F.2d 895 (5th Cir.1987). Nothing could be more "prosecutorial" than pre-

paring charges and shepherding them through the trial court, which is all the prosecutors are alleged to have done. No wrongful conduct independent of the prosecution is attributed to them.

One remaining issue regarding these defendants, whose motion to dismiss the plaintiff has opposed, warrants only brief mention. The first is that the plaintiff's criminal prosecution in Hamilton County ended (favorably to him) a month before the filing of the amended complaint. There is no threat or allegation that future prosecution is planned. Therefore, there is no occasion to discuss whether the defendant Hamilton County deputy prosecutors should be enjoined from doing their job, though to place the question in that context essentially also answers it. The plaintiff cannot, therefore, evade the dismissal of this action as to defendants Henke and Wehmueller because of his prayer for injunctive relief and the motion to dismiss of these defendants must be *granted.*

■ *Defendants United States, Thornburgh, Hall, Coan, Kendall and Ray.* The United States may not be sued without its consent, which is a prerequisite to the federal courts' exercise of jurisdiction. *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). Waivers of sovereign immunity are " 'construed strictly in favor of the sovereign' ... and not '[enlarged] ... beyond what the language requires.' " *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983) (quoting *McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951) (footnote omitted) and *Eastern Transp. Co. v. United States,* 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1927)). No waiver of immunity to permit the present action is claimed and the Court finds none. Accordingly, the action against the United States must be *dismissed for lack of jurisdiction.* The same conclusion is compelled with respect to the United States Parole Commission and the federal defendant individuals (Thornburgh, Hall, Coan, Kendall and Ray) in their official capacities. *Del Raine v. Carlson,* 826 F.2d 698 (7th Cir.1987).

The action against the federal defendants in their individual capacities also is without basis. The plaintiff was convicted and sentenced by this Court on January 18, 1984 under the Federal Youth Corrections Act based on his plea of guilty to possession of stolen goods. The plaintiff's parole was not terminated early and the Parole Commission did not issue a set-aside certificate pursuant to 18 U.S.C. § 4211.

■ Ultimately a parole violator warrant was issued for him based on the recommendation of federal probation officer Michael Kendall. Mr. Kendall also supervised the plaintiff for a period of his parole and both during and after that time "shared" information concerning his YCA conviction (which had not and has not been set aside) with local law enforcement agencies in Indiana. Kendall's affidavit, which the plaintiff has not disputed or challenged, that he acted solely within the scope of his office and the actions he took were not motivated by personal ill-will. The actions of this defendant in discharging his duties, moreover, will not subject him to a claim for damages in a Section 1983 action. *Turner v. Marion S. Barry, Jr.,* 856 F.2d 1539 (D.C.Cir.1988); *Freeze v. Griffith,* 849 F.2d 172 (5th Cir.1988). He is *not* responsible for the assignment of parolees to certain parts of the Marion County Jail while awaiting disposition of revocation charges and he is not responsible for the timing or outcome of parole violation proceedings. In these respects, therefore, Mr. Kendall cannot be held liable to the plaintiff for what is beyond his authority and control.

■ Defendant Hall is the Chief Probation Officer for the Southern District of Indiana. E. Fred Coan is a supervising probation officer and was the plaintiff's probation officer until March 21, 1988. His affidavit shows, without contradiction from the plaintiff, that he was not involved in the events or actions identified in the amended complaint. These officers can be liable to the plaintiff only for what they have personally done or caused in relation to the plaintiff. *Ellis v. Blum,* 643 F.2d

68, 84–85 (2d Cir.1981) (vicarious liability under the doctrine of *respondeat superior* "does not apply in section 1983 and consequently in *Bivens*-type actions.") They have done nothing, and thus no claim is stated against them.

Defendant Ray is a case analyst with the United States Parole Commission. Since she is sued in this action in her official capacity only no further discussion need be of her role in the events of which the plaintiff complains.

 *Defendants Marion County Sheriff's Department, Sheriff McAtee and Deputy Romerils.* Defendants Marion County Sheriff's Department, Sheriff McAtee and Deputy Romerils have joined in seeking dismissal of the action against them for failure to state a claim upon which relief can be granted. The plaintiff's action against these defendants is brought pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). Additionally, since the plaintiff is suing a municipal entity (the Sheriff's Department and the Sheriff and his Deputy in their official capacities) he must establish an additional element. For a municipality to be held liable under § 1983, a plaintiff must prove a direct causal link between an official policy or custom of the municipality and an actual constitutional deprivation. *Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989); *Thompson v. Duke,* 882 F.2d 1180, 1187 (7th Cir.1989).

The first inquiry in every Section 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States. *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). It is difficult to discern what right the plaintiff is attempting to identify here. The plaintiff was not a juvenile when he was not segregated from adult offenders. He has not been mistreated by the Jail staff or by other inmates as a result of his placement. Neither Sheriff McAtee nor Deputy Romerils is alleged to have personally directed, known of or caused any mistreatment or even a misclassification of the plaintiff when he was held at the Marion County Jail in 1989.

The additional ingredient of a suit against a municipality is also missing here. The plaintiff does not allege an official policy or custom of Marion County or its Sheriff's Department to violate the rights of persons lawfully held in the custody of the Sheriff.

Finally, the Court agrees with these defendants that no discernable pendent state law claim is made in the amended complaint. This term will therefore be treated as mere verbiage.

 *Defendants Indiana State Police, Lloyd Jennings, Ernest Mathis.* Based on the principles already discussed in this Entry, it is clear that the plaintiff may not maintain a claim for damages against the Indiana State Police or against Lloyd Jennings and Ernest Mathis in their official capacities. He also may not seek relief from his incarceration from these defendants because an action for habeas corpus is the exclusive means by which he may do so.

 Defendant Jennings is the Superintendent of the Indiana State Police. There is no basis in the complaint on which it could be concluded that he caused or participated in the deprivation of the plaintiff's federally secured rights. "Section 1983 will not support a claim based on a *respondeat superior* theory of liability." *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). The amended complaint therefore also fails to state a claim upon which relief can be granted against Superintendent Jennings in his individual capacity.

■ Defendant Mathis is a detective with the Indiana State Police. His involvement with the plaintiff, insofar as relevant to the allegations of the amended complaint, consisted of serving a warrant on the plaintiff in Hamilton County, investigating a complaint concerning the conduct of the plaintiff, talking to Mr. Kendall, serving a search warrant for an automobile and submitting an affidavit for probable cause to the Marion County Prosecutor on December 13, 1990 charging the plaintiff with theft and violation of the Indiana Loan Broker Act. This probable cause affidavit lead to the filing of charges in the Municipal Court of Marion County and on September 25, 1991 the plaintiff was found guilty after a trial by jury of two counts each of theft and violation of the Indiana Loan Broker Act. The Court of Appeals has consistently held that the existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff. *Mark v. Furay*, 769 F.2d 1266 (7th Cir.1985). Here, the plaintiff's conviction collaterally estops him from reasserting a lack of probable cause for his arrest. *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir.1990), citing *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). This negates any possible claim which the plaintiff could have against Detective Mathis based on the allegations in the amended complaint.

■ *Defendants Carmel Police Department, Barney, Adams, Conn, Smith.* Defendants Carmel Police Department, Barney, Adams, Conn and Smith have joined in a motion to dismiss or alternative motion for summary judgment. The plaintiff has, as with many others, not opposed this motion either as to the factual or legal content. The Court concludes that as to these defendants, no viable claim is stated. The Carmel Police Department, treated as the alter ego of the City of Carmel, could be liable in a civil rights action only if the plaintiff alleges both the intentional deprivation of a constitutionally protected right by an agent acting under color of state law

and that the constitutional deprivation was caused by a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by its officers." *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir.1990), quoting, *Monell v. New York Dep't. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). The plaintiff does not make such an allegation. The same result is required as to the Carmel police officers, defendants Barney, Adams, Conn and Smith to the extent they are sued in their official capacities. *Yeksigian v. Nappi*, 900 F.2d 101 (7th Cir.1990), citing *Graham v. Kentucky*, 473 U.S. 159, 166–67 & n. 14, 105 S.Ct. 3099, 3105–06 & n. 14, 87 L.Ed.2d 114 (1985). *See also Wilson v. Civil Town of Clayton*, 839 F.2d 375, 381–82 (7th Cir.1988).

■ This leaves the question of Section 1983 liability against Barney, Adams, Conn and Smith in their individual capacities. Liability of an officer in his individual capacity under Section 1983 is predicated upon personal responsibility and an individual cannot be held liable unless he personally caused or participated in an alleged constitutional deprivation. *Schultz v. Baumgart*, 738 F.2d 231, 238 (7th Cir. 1984); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). "Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." *Id.* Nonetheless,

[f]or liability under section 1983, direct participation by a defendant is not necessary. Any official who "causes" a citizen to be deprived of her constitutional rights can also be held liable. The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or should reasonably have known would cause others to deprive the plaintiff of her constitutional rights.

*Conner v. Reinhard*, 847 F.2d 384, 396 (7th Cir.1988). There is no claim against defendants Barney, Conn and Smith stated in the

amended complaint in light of this principle.

Defendant Adams did have personal involvement in bringing about the charge of theft in Hamilton County in December 1990. This is one of the charges the plaintiff was acquitted of in June 1991. Specifically, he was the State's sole witness at an ex parte probable cause hearing in the Hamilton County Superior Court on December 13, 1990. The transcript of that hearing has been submitted with defendant Adams' motion. The plaintiff's claims against defendant Adams (and the other Carmel-affiliated defendants) are defeated from the outset if there was probable cause for his arrest, because the existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff. *Mark v. Furay,* 769 F.2d 1266 (7th Cir.1985). *See also Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir.1989). "[P]olice have probable cause to arrest an individual where 'the facts and circumstances within their knowledge and of which they [have] reasonable trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense.'" *United States v. Goudy,* 792 F.2d 664, 668 (7th Cir.1986) (quoting *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964)). The documents supplied by defendant Adams establish that probable cause for the plaintiff's arrest existed. This defendant has therefore established the absence of any genuine issue of material fact and his entitlement to judgment as a matter of law.

*Other defendants.* Defendant Linley Pearson, the Indiana Attorney General, has not appeared in this action. However, any action against him is precluded for the principles already discussed in this Entry, i.e., the Eleventh Amendment, the absence of personal involvement in any of the incidents identified in the amended complaint, etc. The same is true with respect to the State of Indiana as a defendant, to investigator Dennis Driggers and to the claims against the John Doe defendants.

## ORDER

On the basis of the foregoing, therefore,

IT IS NOW ORDERED that the motion to dismiss of defendants Henke, Wehmueller, the United States, Thornburgh, Ray, the Marion County Sheriff's Department, Sheriff McAtee, Deputy Romerils, the Indiana State Police, Jennings, Mathis, the Carmel Police Department, Barney, Conn and Smith are GRANTED; and

IT IS FURTHER ORDERED that the alternative motions for summary judgment of defendants Hall, Coan, Kendall, Adams are also GRANTED. The action is similarly DISMISSED as to the State of Indiana, Indiana Attorney General Linley Pearson, Dennis Diggers and any John Does defendants.