Carolyn H. SRIVASTAVA, Plaintiff–Appellant,

v.

Scott C. NEWMAN, Defendant–Appellee.

Nos. 00–3589, 00–3887.

United States Court of Appeals, Seventh Circuit.

Submitted March 30, 2001 *.

Decided April 5, 2001.

Rehearing and Rehearing En Banc Denied May 18, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before KANNE, ROVNER, WILLIAMS, Circuit Judges.

## ORDER

In 1999 Carolyn H. Srivastava was charged with violating the Indiana stalking statute. After a trial by jury, she was found not guilty. Srivastava subsequently sued Marion County, Indiana Prosecutor Scott C. Newman under 42 U.S.C. § 1983 for prosecuting her in violation of her constitutional rights. The complaint alleged essentially that Newman prosecuted Srivastava based on inadequate investigation and false information that the victim provided in his sworn probable cause affidavit. The district court granted Newman's motion to dismiss and denied Srivastava leave to amend. Srivastava appeals, and we affirm.

The material factual allegations, which we accept as true for purposes of this appeal, are as follows. In 1999 Srivastava was charged with the crime of stalking, a Class D felony, in Marion Superior Court. The charge was based on a complaint by the alleged victim, Eric Bram, the senior Rabbi of the Indianapolis Hebrew Congregation. After a two-day jury trial, Srivastava was found not guilty.

After a jury acquitted her, Srivastava filed this lawsuit claiming that Newman violated her constitutional rights by failing to properly investigate Bram's complaint and then prosecuting her based on false evidence. Srivastava alleged that Newman relied on false information contained in a probable cause affidavit sworn to and executed by Bram, and then refused to investigate the information in Bram's affidavit after she had submitted contradictory evidence. Srivastava also alleged that Newman's staff failed to follow unspecified internal procedures of the Marion County Prosecutor's Office in prosecuting her. Srivastava sought a declaration that Newman had violated Srivastava's constitutional rights, and injunctive relief, including expungement of her arrest record, Newman's resignation, and the establishment of guidelines in the Marion County Prosecutor's Office ensuring that citizen complaints are processed fairly. Additionally, Srivastava requested an award of compensatory damages, attorney's fees and expenses.

The district court dismissed Srivastava's complaint. The court held that the Eleventh Amendment and the doctrine of absolute prosecutorial immunity barred her claim for damages. The district court also held that Srivastava lacked standing to seek injunctive relief; that the complaint presented no case or controversy under Article III of the Constitution because the alleged injuries were confined to a criminal case that had been concluded, and Srivastava's allegations of future prosecution were "speculative and imaginary." Srivas-

tava then requested leave to amend. The district court denied the motion on grounds that Srivastava's proposed amendments were futile.

## II.

On appeal Srivastava contends that Newman is not a state official entitled to immunity under the Eleventh Amendment, and that Newman is entitled only to qualified prosecutorial immunity which does not shield his conduct in this case. Additionally, Srivastava contends that she has standing to seek injunctive relief because Newman's conduct resulted in what she characterizes as a continuing threat of some unspecified prosecution.

■ We review the grant of a motion to dismiss *de novo,* accepting the well-pleaded allegations in the amended complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See Stachon v. United Consumers Club, Inc.,* 229 F.3d 673, 675 (7th Cir.2000).

■ The Eleventh Amendment bars suits brought under § 1983 against state officials acting in their official capacities. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Whether a particular official such as Newman is the legal equivalent of the State is a question of state law. *Garcia v. City of Chicago,* 24 F.3d 966, 969 (7th Cir.1994). Although no Indiana state courts have decided the issue, district courts sitting in Indiana have held that, under Indiana law, prosecutors are state officials when prosecuting criminal cases. *See Bibbs v. Newman,* 997 F.Supp. 1174, 1178 (S.D.Ind.1998); *Study v. U.S.,* 782 F.Supp. 1293, 1297 (S.D.Ind.1991). We agree. The office of prosecutor is a creation of the Indiana Constitution, *see* Ind. Const. art. 7, § 16, and state statutes govern the prosecutor's duties and powers.

For example, a prosecutor in Indiana is responsible for prosecuting virtually all criminal prosecutions on behalf of the state. Ind.Code. § 33–14–1–4 (1996). More specifically, the state determines the prosecutor's salary and provides legal representation to a prosecutor sued in a civil action arising out of the prosecutor's performance of official duties, as well as indemnification against any resulting judgments. Ind.Code. §§ 33–14–7–1, 33–2.1–9–1, 33–14–11–1 (1996). Other circuits have engaged in a similar analysis of state constitutional and statutory provisions when called upon to determine whether prosecutors were subject to suit under § 1983 or were protected by Eleventh Amendment immunity. *See, e.g., Coleman v. Kaye,* 87 F.3d 1491, 1499–1506 (3d Cir. 1996) (analyzing New Jersey's constitution and statutory provisions); *Crane v. State of Texas,* 766 F.2d 193, 194–95 (5th Cir. 1985) (analyzing Texas constitution and statutes). Because Newman was acting as a state official when he prosecuted Srivastava, the Eleventh Amendment precludes her official capacity suit against Newman.

■ In any event, prosecutors are absolutely immune, both individually and in their official capacities, from liability under § 1983 for evaluating evidence, initiating a prosecution and presenting the State's case. *See Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Srivastava argues, however, that Newman is entitled only to qualified immunity because he functioned as a complaining witness and investigator, not an advocate, in interviewing Bram and preparing the probable cause affidavit. Srivastava is correct that a prosecutor who acts as a complaining witness or engages in purely investigatory conduct unrelated to the role of advocate is entitled only to qualified immunity. *Kalina v. Fletcher,* 522 U.S. 118, 128–29, 118 S.Ct. 502, 139 L.Ed.2d 471

(1997); *Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). But as Srivastava acknowledges it was Bram and not Newman who executed the probable cause affidavit. In addition, Newman's interviewing of Bram is the sort of preliminary pre-prosecution activity that directly relates to the advocate's role and warrants absolute immunity. *Imbler,* 424 U.S. at 430 n.32, 96 S.Ct. 984 (absolute immunity shields prosecutor's effort to control presentation of witness testimony by delaying police interrogation of that witness on unrelated matter until after testimony); *Anderson,* 217 F.3d at 476 (absolute immunity shields prosecutor who suggested police hold plaintiff for lineup in order to create more evidence); *see also Spiegel v. Rabinovitz,* 121 F.3d 251, 257 (7th Cir.1997) (absolute immunity shields prosecutor who willfully submitted incomplete and inadequate assessment of case that provided basis for decision to prosecute); *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir.1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence."). We conclude that Newman is absolutely immune from Srivastava's damages claim.

■ Srivastava's claim for injunctive relief fares no better. As the district court correctly recognized, a plaintiff lacks standing to sue under Article III of the Constitution unless she alleges an actual case or controversy. *City of Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Sierakowski v. Ryan,* 223 F.3d 440, 442–43 (7th Cir.2000). In other words, the plaintiff must show a personal stake in the outcome of the case by alleging direct injury that is real and immediate, not conjectural or hypothetical. *Lyons,* 461 U.S. at 101–102, 103 S.Ct. 1660. Thus, "[p]ast exposure to illegal conduct

does not in itself show a present case or controversy regarding injunctive relief... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton,* 414 U.S. 488, 495–496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *see also Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675, (1983) (possibility that plaintiff would again be subjected to illegal choking behavior by police insufficient to show immediate danger of direct injury). Srivastava's request for an injunction arises from a criminal case that has long since terminated. She alleged no threatened or pending criminal prosecution and therefore lacks standing to seek injunctive relief. *See Sierakowski,* 223 F.3d at 444 ("Although Stateville uses the black box on all segregation prisoners, the mere possibility that Knox may sometime in the future be returned to the segregation unit does not establish a real and immediate case or controversy."); *Garcia,* 24 F.3d 966 (no standing to seek injunctive relief absent allegations showing danger of future arrest).

We do not reach Srivastava's remaining arguments, as they are directed largely to matters outside the complaint. *See Travel All Over The World, Inc. v. The Kingdom of Saudi Arabia,* 73 F.3d 1423, 1430 (7th Cir.1996).

### III.

Srivastava also contends that the district court abused its discretion in denying her leave to amend her complaint. Srivastava proposed to add as defendants a deputy prosecutor on Newman's staff, a judge who presided over her criminal case, a supervisor at the public defender's office, and a police officer who issued Srivastava a traffic ticket. Srivastava also proposed to add claims challenging the constitutionality of Indiana's stalking statute and a plea agreement that she rejected.

■ We review the district court's denial of Srivastava's request for leave to amend under the deferential abuse of discretion standard. *Doe v. Howe Military School,* 227 F.3d 981, 989 (7th Cir.2000); *Diersen v. Chicago Car Exchange,* 110 F.3d 481, 488 (7th Cir.1997). We recognize that the district court is "particularly well suited to judge the worthiness of a plaintiff's motion to amend his complaint, having been involved in the progress of the case throughout its development and having viewed first-hand the party's diligence or lack thereof." *Diersen,* 110 F.3d at 488 (quoting *Amendola v. Bayer,* 907 F.2d 760, 764 (7th Cir.1990)).

■ A district court does not abuse its discretion in denying leave to amend when the amendment would be futile. *Estate of Porter v. State of Illinois,* 36 F.3d 684, 690 (7th Cir.1994); *Wilson v. American Trans Air, Inc.,* 874 F.2d 386, 392 (7th Cir.1989) (citation omitted). That is the case here. None of Srivastava's proposed amendments would cure the legal insufficiency of her complaint. First, Newman's deputy prosecutor is absolutely immune from Srivastava's § 1983 claim for damages for the same reasons as Newman—she was acting in the role of an advocate in prosecuting Srivastava. Likewise, the doctrine of judicial immunity precludes Srivastava's claims against the judge who presided over her criminal case. *See Brokaw v. Mercer County,* 235 F.3d 1000, 1015 (7th Cir.2000) (judicial immunity shields judges from civil actions for their judicial acts unless they have acted in the clear absence of jurisdiction); *John v. Barron,* 897 F.2d 1387, 1393 (7th Cir.1990) (mere allegations of conspiracy insufficient to overcome judicial immunity). Additionally, Srivastava cannot sue employees of the Marion County Public Defender's Office under § 1983 because they are not acting under "color of state law," a requisite element of any § 1983 claim. *See Polk County v. Dodson,* 454 U.S. 312, 317 n. 4, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (holding that "a public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant"). As for Srivastava's claim against the officer who issued her a traffic ticket after her acquittal—an action she says demonstrates the existence of a conspiracy being perpetrated against her—this claim falls far short of meeting our requirement that conspiracy be pleaded with specificity. *See Ryan v. Mary Immaculate Queen Center,* 188 F.3d 857, 860 (7th Cir.1999).

Finally, Srivastava lacks standing to add claims to challenge the Indiana stalking statute and the plea agreement she rejected. As was the case with her efforts to seek injunctive relief, Srivastava lacks standing to add these proposed claims because they are based only on past exposure to allegedly illegal conduct. *O'Shea,* 414 U.S. at 495–496, 94 S.Ct. 669 (1974).

For the foregoing reasons, the judgment of the district court is AFFIRMED.