Carolyn H. SRIVASTAVA,
Plaintiff–Appellant,

v.

Jack COTTEY, individually, et
al., Defendants–Appellees.

No. 03–2202.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 18, 2003.*

Decided Nov. 21, 2003.

Rehearing Denied Jan. 9, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Carolyn H. Srivastava, pro se, Indianapolis, IN, for Plaintiff–Appellant.

Jeffrey S. McQuary, Office of the Corporation Counsel, Indianapolis, IN, for Defendants–Appellees.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

## ORDER

Carolyn Srivastava appeals *pro se* from the district court's dismissal of her suit under 42 U.S.C. § 1983 which alleged among other things wrongful prosecution and various civil rights violations relating to the conditions of confinement upon an unrelated arrest. Throughout this protracted litigation, the district court dismissed defendants and claims at various points pursuant to various types of motions before eventually entering a final judgment against Srivastava. Srivastava appeals, and we affirm in part and dismiss in part for lack of jurisdiction.

The material allegations of Srivastava's amended complaint fall into two distinct sets. The first begins in 1999, when Srivastava was charged in Indiana state court with violating the state's stalking law, based on a complaint filed by the alleged victim, Rabbi Eric Bram, of the Indianapolis Hebrew Congregation ("IHC"). After a two-day jury trial, Srivastava was found not guilty. She then filed a § 1983 action against Marion County (Indiana) Prosecutor Scott Newman, claiming that Newman prosecuted her without conducting an adequate investigation and based on false information. The district court granted Newman's motion to dismiss. Srivastava appealed, and we affirmed in an unpublished order. *Srivastava v. Newman*, Nos. 00–3589 & 00–3887, 2001 WL 338110, 12 Fed.Appx. 369 (7th Cir. April 5, 2001).

The second set of facts relates to Srivastava's arrest on April 13, 2001 for trespass. On that day, Srivastava attended a worship service at IHC despite having received letters from IHC's Board informing her that she was not welcome at their facility. Srivastava was arrested for trespass by Marion County Sheriff's deputies in the IHC parking lot after she left the building. Following her arrest, Srivastava was taken to the Marion County Lockup, where she alleges that she spent the night on a metal bunk without a mattress and went without a toothbrush, toothpaste, cups, towels, or shampoo. The next day, Srivastava was released on her own recognizance after an initial hearing at which a commissioner found that probable cause existed for her arrest. The charges against Srivastava were dismissed before trial.

Srivastava's complaint in the present case named as defendants Marion County Sheriff Jack Cottey, individually, the Marion County Sheriff's Department, and several members of the IHC who Srivastava contends were involved in her arrest for trespass. Srivastava alleged that her arrest and the conditions she encountered while being confined following that arrest violated her civil rights. She amended her complaint, adding as defendants Indiana University Chancellor Gerald Bepko; Rabbi Bram and his wife; additional agencies, elected officials, and employees of Marion County; and the Indianapolis Police Department. Srivastava later filed a motion to voluntarily dismiss the Indianapolis Police Department, which the court granted. The County defendants then moved to dismiss under FED. R. CIV. P. 12(b)(6), asserting collateral estoppel, absolute immunity, and failure to state a claim. Rabbi Bram, his wife, and the other members of the IHC who were named as defendants ("IHC defendants") counterclaimed against Srivastava asserting state law claims of abuse of process and malicious prosecution.

In January 2002, the district court granted assorted motions that Srivastava had filed to dismiss all of the defendants other than the County defendants. In the same order, the district court granted the County defendants' motion to dismiss based on the fact that many of Srivastava's claims were barred by collateral estoppel and judicial and prosecutorial immunity. With respect to the claims that were not barred, the district court held that Srivastava's amended complaint failed to state a claim. The court also denied all of Srivastava's pending motions, leaving only the IHC defendants' state law counterclaims. Srivastava then attempted to reinstate many of the defendants she had asked the court to dismiss, but the court denied her requests. On February 25, 2003, the district court declined to exercise supplemental jurisdiction over the IHC defendants' counterclaims, dismissing them without prejudice. That same day, the court entered final judgment.

Srivastava filed a motion to alter or amend the judgment under FED. R. CIV. P. 59(e), seeking to reinstate her claims against the Marion County Sheriff's Department, Superior Court, Clerk's Office, and Prosecutor's Office and the Indianapolis Police Department. Srivastava's Rule 59(e) motion rehashed many of the arguments she had presented in her earlier response to the motion to dismiss. The district court denied this motion, concluding that no viable claims existed against any of these defendants. Srivastava filed a notice of appeal on April 25, 2003, stating that she was appealing the dismissal of her claims against many of the defendants and the denial of her Rule 59(e) motion.

We turn first to Srivastava's contention that the district court erred in dismissing the County defendants. Srivastava states at the outset that she does not challenge the dismissal of the Marion County Public Defender Agency and County Clerk Sarah Taylor individually. With respect to the other County defendants, Srivastava argues that collateral estoppel does not apply, that none of these defendants are entitled to immunity, and that a viable § 1983 claim exists against Danielle Gaughan, the public defender who supervised her defense in the stalking case. We review de novo. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir.2003).

■ Srivastava's arguments with respect to collateral estoppel and immunity apply to defendants Newman, Sheriff Cottey, and Judges Ayres, Rosenberg, and Rogers. Srivastava alleges claims against these officials in their individual capacities. Srivastava's claims for damages against Newman arising out of his role in her prosecution for stalking are barred by collateral estoppel because they are identical to the claims that were litigated and necessarily decided on their merits in *Srivastava v. Newman*. See *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir.2000). In *Srivastava v. Newman*, we held that Newman was entitled to absolute prosecutorial immunity for all conduct relating directly to his role as an advocate and concluded that Srivastava failed to allege any conduct by Newman that fell outside of that role. On appeal Srivastava asserts that collateral estoppel should not bar all of her claims against Newman because he acted outside his role as an advocate when members of his staff signed affidavits for probable cause in other prosecutions and "threatened" Srivastava with prosecution in March 2000. Srivastava's amended complaint, however, fails to allege any actions by Newman himself, and § 1983 requires some personal involvement in the alleged constitutional deprivation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir.2003). Srivastava also challenges the district court's dismissal of her claims against Cottey arising out of her arrest on

April 13, 2001. However, Srivastava's amended complaint does not allege any acts performed by Cottey personally, and his dismissal was also proper.

With respect to Srivastava's contention that defendants Ayres, Rogers, and Rosenburg were not entitled to judicial immunity, it is well-established that judges are not liable for damages in civil actions based on their judicial acts unless they acted in the clear absence of jurisdiction. *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir.2000). Srivastava's complaint alleges nothing that would support a finding of a clear absence of jurisdiction, and her allegations that these judges conspired to deprive her of her constitutional rights are insufficient to overcome the protection of judicial immunity. *Id.*

Srivastava contends that a viable § 1983 claim exists against Gaughan; however, all of the conduct alleged by Srivastava falls within the traditional functions of counsel to a criminal defendant, and thus is outside the scope of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317 n. 4, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). In rejecting Srivastava's claim that Gaughan participated in a conspiracy with government officials which would have brought her into the scope of § 1983, the district court relied on *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999), which required heightened pleading standards in § 1983 suits alleging conspiracy. Since the district court issued its order dismissing Gaughan, we have recognized that *Ryan* cannot be read to require that a complaint alleging conspiracy under § 1983 contain more than notice of time, scope, and parties involved. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir.2003). Srivastava's claim that Gaughan was involved in a conspiracy to violate her civil rights nevertheless fails. Although Srivastava alludes to a conspiracy involving Gaughan, the prosecutors, and the judge, the acts she points to as evidence of Gaughan's involvement—urging a defendant to accept a plea agreement and agreeing to a continuance—are traditional defense counsel functions which do not bring Gaughan into the scope of § 1983. *See Polk County*, 454 U.S. at 317 n. 4.

Srivastava asserts that the Marion County Sheriff's Department, Marion County Superior Court, Marion County Clerk's Office, and Marion County Prosecutor's Office should not have been dismissed because they are liable for her injuries that resulted from unconstitutional practices and policies. Municipalities can be held liable under § 1983, but not under a theory of *respondeat superior. Palmer*, 327 F.3d at 594. Assuming that these agencies are separate suable entities, Srivastava has not alleged that any of the agencies has a custom or policy that deprived her of her constitutional rights. *See id.* Rather, she alleges that individuals working for these agencies deprived her of her constitutional rights. Under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), her claims cannot stand.

In addition to her claims for damages against the County defendants, Srivastava asks that we reinstate her claims for injunctive relief on her requests that Marion County court records relating to her be corrected and that various individual defendants be removed from their positions. We deny Srivastava's request because she fails to identify a basis for the injunctive relief she seeks, and we question whether she has Article III standing to pursue such relief. *See Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir.2000) ("a plaintiff in search of prospective equitable relief must show a significant likelihood and immediacy of sustaining some direct injury"). The district court did not err in granting the

County defendants' Rule 12(b)(6) motion to dismiss.

Nor did the district court abuse its discretion in refusing to reinstate Srivastava's claims against the Marion County Sheriff's Department, Superior Court, Clerk's Office, and Prosecutor's Office. Srivastava failed to show any manifest error of law or fact, and she did not point to any newly discovered evidence to support her request. *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir.2000)

■ Srivastava next contends that the district court erred in dismissing Chancellor Bepko as a defendant because he was "a major participant" in her injuries. Bepko was named as a defendant in Srivastava's amended complaint in connection with allegations involving her employment as an assistant professor at the Indiana University School of Medicine and the university's decision in 1996 to deny her tenure. Srivastava's notice of appeal, however, does not state that she is appealing Bepko's dismissal. *See* FED. R. APP. P. 3(c)(1)(B). Although Srivastava is proceeding *pro se*, her notice of appeal is specific and unambiguous, and therefore we lack jurisdiction to consider her claim with respect to Bepko's dismissal. Even if the notice of appeal could be liberally construed to include Bepko, Srivastava's claim fails because it was Srivastava who asked to have Bepko dismissed along with the IHC defendants so that she could focus the litigation on the County defendants. Although the motion to dismiss did not identify the rule under which it was filed, in her Rule 59 motion Srivastava characterizes her motion to dismiss Bepko as brought pursuant to FED. R. CIV. P. 41(a)(2). As we have noted, "'when a district court grants voluntary dismissal under Federal Rule of Civil Procedure 41(a), a plaintiff normally has neither the reason nor the right to appeal the dismissal because the plaintiff

has received the relief it requested.' " *Chavez v. Illinois State Police*, 251 F.3d 612, 654 (7th Cir.2001) (quoting *Boland v. Engle*, 113 F.3d 706, 714 (7th Cir.1997)). Srivastava obtained the relief she requested, and we cannot reinstate the claims against Bepko that she voluntarily dismissed. *See id.* at 654–55.

Srivastava's notice of appeal states that she is challenging the district court's dismissal of her claims against the Indianapolis Police Department. Srivastava fails to develop her argument on this issue on appeal as required by FED. R.APP. P. 28(a)(9), and it is therefore waived. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). Even if we liberally construe Srivastava's *pro se* submissions and address the issue on its merits, it fails. Like Bepko, the Indianapolis Police Department was dismissed pursuant to a motion to dismiss by Srivastava. The police department was not involved again until Srivastava's Rule 59 motion, in which she lumped the police department in with the County agencies in asking that her claims be reinstated. Srivastava's Rule 59 motion fails to recognize that the police department was dismissed at her request. Furthermore, it does not appear from the record that the police department was ever served in this lawsuit. The district court did not abuse its discretion in denying Srivastava's request to reinstate her claims against the Indianapolis Police Department.

■ Finally, Srivastava contends that the district court erred in denying her motion to reopen *Srivastava v. Newman*. Although Srivastava on appeal improperly attempts to alter the subsection under which she is proceeding, it is uncontested that the motion to reopen was filed under FED. R. CIV. P. 60(b). The order of January 6, 2003 denying Srivastava's Rule 60(b) motion was itself a final and appealable

decision, *see Berwick Grain Co., Inc. v. Illinois Dept. of Agriculture,* 189 F.3d 556, 558 (7th Cir.1999), and Srivastava's Rule 59(e) motion does not purport to challenge the district court's ruling with respect to *Srivastava v. Newman.* Srivastava failed to file a notice of appeal within thirty days of the order denying her Rule 60(b) motion as required under FED. R.APP. P. 4(a)(1)(A), and she points to nothing that would toll the time for appeal. We lack jurisdiction to consider this claim.

Accordingly, we AFFIRM the district court with respect to its dismissal of the County defendants and the Indianapolis Police Department, and we DISMISS Srivastava's remaining appellate claims for lack of jurisdiction.