**Carolyn H. SRIVASTAVA,**
**Plaintiff–Appellant,**

v.

**Louis ROSENBERG, et al.,**
**Defendants–Appellees.**

No. 03–3827.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 20, 2004.*

Decided March 1, 2004.

Carolyn H. Srivastava, Indianapolis, IN, for Plaintiff–Appellant.

A. Scott Chinn, Office of the Corporation Counsel, Indianapolis, IN, Frances Barrow, Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

**ORDER**

Carolyn Srivastava appeals the district court's denial of her motion under Fed.

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

R.Civ.P. 60(b)(4) to vacate its judgment dismissing her complaint with prejudice. Because the court lacked jurisdiction to enter a judgment against Srivastava, we vacate the district court's order and remand to the district court with instructions to dismiss Srivastava's complaint without prejudice.

In March 2003 Carolyn Srivastava sued a number of state and local government defendants alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, federal anti-wiretapping laws, 18 U.S.C. § 2511, federal provisions that outlaw election tampering, 42 U.S.C. § 1973i, and various Indiana tort claims. In June Srivastava moved to voluntarily dismiss her complaint under Fed.R.Civ.P. 41(a)(1), and a few days later filed a "supplement" in which she "reassure[d]" the defendants she had "no plans" to file a new lawsuit. The court dismissed her complaint with prejudice that same day, and the next day noted in a docket entry that her voluntary dismissal was unaffected by the supplement she filed. In October Srivastava moved to vacate the court's judgment under Rule 60(b)(4) alleging that the court lacked jurisdiction to enter a judgment dismissing her complaint with prejudice because she had voluntarily dismissed it under Rule 41(a)(1). The court denied her motion. The court explained that it had dismissed her complaint "with prejudice" as a response not to her voluntary dismissal, but instead to her "supplement" which, in the court's opinion, "ma[de] it perfectly clear that she intended her dismissal to be with prejudice."

On appeal Srivastava argues that the court's dismissal of her complaint with prejudice was void because the court lacked jurisdiction to enter such a judgment. The court's refusal to vacate its void judgment, she contends, was an abuse of discretion.

It is well settled that "a judgment on the merits entered after a plaintiff has filed a proper rule 41(a)(1) notice of dismissal is indeed void." *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1018 (7th Cir.2002). A refusal to vacate a void judgment in response to a 60(b)(4) motion is a per se abuse of discretion. *Id; Blaney v. West*, 209 F.3d 1027, 1031 (7th Cir.2000). The "supplement" Srivastava filed after she moved to dismiss her case did not give the court continuing jurisdiction to enter a judgment against her, because anything filed with the court after she voluntarily dismissed her complaint was just as much a legal nullity as the court's void judgment. *See Marques*, 286 F.3d at 1017; *Blaney*, 209 F.3d at 1031.

Thus we must vacate the court's judgment and remand to the district court with instructions to dismiss Srivastava's complaint without prejudice. We hasten to add, however, that Srivastava admits in her complaint that she has previously pursued-and lost–litigation to obtain relief for the injuries she alleges in her complaint. *See Srivastava v. Cottey*, 83 Fed.Appx. 807 (7th Cir.2003); *Srivastava v. Newman*, 12 Fed.Appx. 369 (7th Cir.2001); *Srivastava v. Tr. of Ind. Univ.*, —— Fed.Appx —— No. 99–3272, 2000 WL 975172 (7th Cir. July 11, 2000); *see also Srivastava v. Marion County Election Bd.*, Nos. 03–1846, 03–1780 (appeal dismissed under Fed. R.Civ.P. 42(b)); *Srivastava v. Indianapolis Hebrew Congregation*, 779 N.E.2d 52 (Ind.Ct.App.2002) (affirming award of costs and sanctions against Srivastava in frivolous action against the defendants). Thus we warn Srivastava that if she files another suit alleging these same injuries, she will court sanctions for bringing a suit that is barred by *res judicata. See Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777, 782 (7th Cir.1986) (affirming an award of sanctions when claim was barred by "well established principles of *res judica-*

ta"); cf. *Marques,* 286 F.3d at 1018 (reversing the judgment and ordering dismissal without prejudice, but warning the plaintiffs that if they "attempt to bring a new suit similar to the one they are dismissing, namely a fraudulent and possible criminal suit, they will be subject to the appropriate sanctions").

VACATED and REMANDED.