Carolyn H. SRIVASTAVA Plaintiff–Appellant,

v.

MARION COUNTY ELECTION BOARD, et al., Defendants–Appellees.

No. 04–3791.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 15, 2005.*

Decided Feb. 18, 2005.

Carolyn H. Srivastava, Indianapolis, IN, pro se.

Jeffrey S. Mcquary, Office of the Corporation Counsel, Gregory F. Hahn, Kevin M. Quinn, Tabbert, Hahn, Earnest & Weddle, John S. Keeler, Baker & Daniels, Indianapolis, IN, Robert S. Rifkin, Maurer Rifkin & Hill, Carmel, IN, for Defendant–Appellee.

Before POSNER, COFFEY, and WOOD, Circuit Judges.

## ORDER

Dr. Carolyn Srivastava, a frequent litigant in the federal and state courts of Indiana, appeals the district court's injunction requiring her to obtain leave from the court before filing any more lawsuits. Srivastava brought this suit—the claims of which are nearly identical to a lawsuit against the same defendants that was dismissed in 2002—alleging that the Marion County Election Board, Democratic Party, Republican Central Committee, and others took part in a vast conspiracy with anti-Semitic overtones to frustrate her unsuccessful run for Democratic Precinct Committeeman in 2002. She further alleged that her neighbors, "gullible individuals with questionable morals" whom the local Republican Party recruited to do its "dirty work," vandalized her flowers and blew grass clippings onto her driveway, bribing the authorities all the while to avoid prosecution. A year after filing the complaint, Srivastava entered a motion to voluntarily dismiss the lawsuit, which was granted. A pending motion for sanctions by the defendants remained, however, and District Judge David Hamilton granted it, finding that Srivastava had "built a record of relentlessly frivolous *pro se* litigation" consisting of some 27 federal and state lawsuits stemming from Srivastava's failure to secure elective office, her prosecution for stalking a rabbi and trespassing in a syna-

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

gogue, and her denial of tenure at the Indiana University School of Medicine. Judge Hamilton issued an injunction mandating that all future legal documents Srivastava attempted to file in the Southern District of Indiana be screened by him before any new claims would be allowed to proceed. Srivastava appeals, and we affirm.

On appeal Srivastava argues that the district court abused its discretion by ordering the injunction. She contends that her situation is distinguishable from the cases relied upon by the district court, and that the injunction was therefore improper. She observes that in *In re Chapman*, 328 F.3d 903, 905–06 (7th Cir.2003), and *In re Davis*, 878 F.2d 211, 212 (7th Cir.1989), in which we upheld district courts' "leave-to-file" orders, the district courts' executive committees screened burdensome litigants' legal filings, and argues that here the task will impermissibly fall to a single judge. Yet no cases that we have found require that a panel of judges, rather than a single judge, examine the restricted litigant's attempted filings. *See In re Martin–Trigona*, 9 F.3d 226, 229 (2d Cir.1993) (approving district court's assignment of screening to a single judge as a "sensible allocation of judicial resources"); *Miller v. United States*, 868 F.2d 236, 238 (7th Cir. 1989) (approving district court's screening measure requiring plaintiff to obtain leave of "the court" before proceeding). Although Srivastava attempts to distinguish her situation, her case falls well within the boundaries of the cases in which we have approved district courts' leave-to-file restrictions against vexatious litigants or ordered such measures ourselves. *See Chapman*, 328 F.3d at 905–06; *Miller*, 868 F.2d at 241–42; *Davis*, 878 F.2d at 212; *Lysiak v. Comm'r of Internal Revenue*, 816 F.2d 311, 313 (7th Cir.1987); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 370 (7th Cir.1983).

The district court was well within its discretion to craft a mechanism that addressed Srivastava's flagrant abuse of the judicial system. Srivastava's history of filing frivolous lawsuits has led the Marion County Superior Court to restrict her from bringing any additional claims in that court against certain parties. She shows every indication of continuing to file such suits—her response to the district court's dismissal in this case was to attempt to file a new complaint. Dismissals have been ineffective at stemming the tide; she has simply returned by filing an identical lawsuit. Our warnings have similarly rung hollow. *See Srivastava v. Rosenberg*, 88 Fed.Appx. 950, at 950–51, at *1 (7th Cir. 2004) (unpublished order) (warning plaintiff that she would court sanctions if she continued to ignore *res judicata*; plaintiff responded by filing an identical lawsuit one month later). When courts have sanctioned Srivastava—she estimates that she has been assessed approximately $100,000 in attorney's fees—she has responded by suing the lawyers who attempted to collect the award. The district court permissibly responded to this abusive behavior by crafting a narrowly tailored injunction that will stop Srivastava's harassment while preserving her access to the court for legitimate purposes.

Srivastava also contends that the injunction violates her First Amendment right to seek redress of grievances and her Seventh Amendment right to a jury trial. Yet as we have stated before, individuals do not have a constitutional right to bring frivolous lawsuits. *Coleman v. Comm'r of Internal Revenue*, 791 F.2d 68, 72 (7th Cir.1986). We have repeatedly rejected constitutional challenges to leave-to-file measures against litigants who file frivolous suits, holding that so long as such measures do not "bar the courthouse door" entirely, they do not impermissibly restrict litigants' access to the courts. *See Chap-*

*man,* 328 F.3d at 905–06; *Davis,* 878 F.2d at 212; *Green,* 699 F.2d at 369–70.

Finally, Srivastava challenges the district court's denial of her motion for sanctions against the defendants. Yet she offers no argument why the motion was improperly denied, other than to assert generally that "the defendants have persisted in perpetrating a relentless pattern of fraud and deception against me and the courts." By offering no basis to overturn the district court's resolution, she has waived this argument. *See R.J. Corman Derailment Servs. v. Int'l Union of Operating Eng'rs,* 335 F.3d 643, 651 (7th Cir. 2003).

AFFIRMED.