**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2011[*]
Decided February 17, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2915

| | |
|---|---|
| CAROLYN H. SRIVASTAVA, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | Hammond Division. |
|     *v.* | |
| | 2:10 CV 53 |
| MITCHELL DANIELS, et al., | |
|     *Defendants-Appellees*. | Philip P. Simon, |
| | *Chief Judge*. |

**O R D E R**

Carolyn Srivastava, a frequent filer in state and federal courts, appeals from the district court's (1) dismissal of her complaint for failure to comply with the requirements of Rule 8(a) and (d)(1) of the Federal Rules of Civil Procedure, and (2) injunction requiring that any new filings from her be screened to ensure that they are not frivolous or duplicative of other filings. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In a 76-page complaint, Srivastava sued more than 70 defendants ranging from the Governor of Indiana, to various state and federal judges, to her bank, and to her sister's partner, alleging more than 190 theories of recovery. Among these theories is a charge that all of the defendants belong to a criminal enterprise (the "Syndicate"), which, she alleges, aims to deprive her of her rights. This suit is only the most recent of many similar suits filed by Srivastava; she admits to having filed 32 *pro se* lawsuits and appeals in the last 11 years, all of which have been dismissed. State and federal courts have imposed no fewer than four screening orders preventing her from filing frivolous lawsuits. *See, e.g., Srivastava v. Marion County Election Bd.*, 125 F. App'x 57, 59 (7th Cir. 2005).

In dismissing the complaint, the district court concluded that Srivastava had not satisfied the minimal pleading requirements of FED. R. CIV. P. 8(a)(2). The court noted that the complaint failed to specify which defendants were responsible for which allegedly wrongful acts, making it "nearly impossible" for defendants to know precisely what they were alleged to have done wrong. The court characterized the complaint as "kitchen-sink style," "confusing, repetitious, and baseless," and containing "pages of nonsense" with "outlandish and frivolous arguments liberally scattered throughout." Citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the court rejected the allegations of criminal racketeering to be implausible and "nothing short of preposterous." To stop Srivastava from filing further frivolous and harassing litigation, the court adopted a narrow injunction—similar to the injunction we affirmed in her earlier appeal, *Srivastava*, 125 F. App'x at 59—requiring that she submit any future complaints in the Northern District of Indiana for approval before filing.

On appeal Srivastava generally challenges the dismissal of her complaint under Rule 8. She contends that her complaint was as concise as possible, with "very little fat" given the nature of her claims, and that no authority identifies mere length or complexity of a complaint as grounds for dismissal. She notes that her complaint includes a racketeering charge, which, she asserts, requires fuller discussion to be comprehensible.

Under Rule 8 a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Iqbal*, 129 S. Ct. at 1949. Although federal pleading rules are liberal, Rule 8 still requires that a plaintiff give the defendant "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Dismissal of a complaint is appropriate if "the factual detail . . . [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (internal quotation omitted); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)

(dismissing complaint where plaintiff joined 24 defendants and 50 distinct claims in a single suit).

We agree with the district court that Srivastava's complaint did not comply with Rule 8. Her complaint's length and disjointed nature made it impossible for the district court to identify the specific allegations against each defendant and therefore impossible to determine whether any claims had potential merit. As the court noted, Srivastava's complaint was "buckshot," pelted with references to dozens of unrelated claims and parties. "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The complaint here is unintelligible, and the district court did not abuse its discretion in dismissing it.

Srivastava also challenges the district court's screening order; she contends that the court based it on questionable legal precedent. She notes that the court relied on a Second Circuit case, *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986), which is not binding authority in this circuit, and *In re Davis*, 878 F.2d 211, 211-12 (7th Cir. 1989), in which the screening order was entered by a panel of judges, rather than a single judge. These arguments are without merit. Our circuit's case law authorizes district courts to enjoin frequent litigants from filing frivolous lawsuits, *see In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003); *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995), and indeed, we have at least twice cited *Safir* to support a district court's authority to enter a screening order. *See Orlando Residence, Ltd. v. GP Credit Co., LLC*, 553 F.3d 550, 559 (7th Cir. 2009); *Free v. United States*, 879 F.2d 1535, 1538 (7th Cir. 1989). Her other contention about the authority of a single judge to screen filings is frivolous and warrants no discussion.

Given Srivastava's pattern of initiating sprawling and frivolous lawsuits, with new suits building upon earlier ones, we warn Srivastava that any further frivolous litigation will subject her to monetary fines and a possible bar, *see Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), forbidding her from filing any further legal papers in any federal court within this circuit. If Srivastava wants to retain the right to pursue serious claims, she must immediately desist from all frivolous litigation, and in particular she must not repeat contentions that the judiciary has already told her are unwarranted.

AFFIRMED.