# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2789

_____

| | | |
|---|---|---|
| Walter Garrett, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Appeal from the United States |
| | * | District Court for the |
| L. Clarke, Sgt.; D. Epps, #144; | * | Eastern District of Missouri. |
| F. West, Maj. #63; Pinelawn | * | |
| Police Department; City of | * | |
| Pinelawn, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 27, 1998
Filed: June 26, 1998

_____

Before RICHARD S. ARNOLD, FAGG, and WOLLMAN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Walter Garrett claims three City of Pine Lawn, Missouri, police officers illegally searched his home in violation of the Fourth Amendment and 42 U.S.C. § 1983. The District Court dismissed Garrett's complaint against the officers and the City of Pine Lawn as barred by the statute of limitations. We conclude that the complaint was timely, and reverse the District Court's dismissal as to the individual police officers, but we affirm the dismissal as to the City of Pine Lawn on other grounds.

## I.

Garrett claims the search occurred on September 30, 1991. At some point after this date, Garrett became an inmate in a Missouri prison. On September 23, 1996, he mailed his complaint and an application to proceed in forma pauperis from prison to the District Court. The District Court clerk's office stamped the complaint "received" on September 24, 1996, but returned it to Garrett with a letter stating that he had not submitted a certified copy of his prison account statement as required by 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804(a)(1)(F), 110 Stat. 1321, 1321-73 (1996). Garrett responded by mailing his complaint and an uncertified account statement to the District Court. The District Court clerk's office received the complaint on October 2, 1996, and again returned it with instructions to supply a certified statement. On October 16, 1996, Garrett mailed the complaint and a certified account statement, which the District Court received the next day. The complaint bears both October 17, 1996, and September 24, 1996, date stamps. The District Court concluded that Garrett had not filed his complaint until October 17, 1996, when the District Court clerk received his complaint accompanied by a certified prison account statement, and dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), finding it barred by the five-year Missouri statute of limitations. See Mo. Rev. Stat. § 516.120(4) (1994); Chandler v. Presiding Judge, 838 F.2d 977, 978-79 (8th Cir. 1988).

## II.

We conclude that the District Court erred in finding the complaint barred by the statute of limitations. For purposes of the statute of limitations, the filing of a complaint commences a federal cause of action. See Fed. R. Civ. P. 3; Lyons v. Goodson, 787 F.2d 411, 412 (8th Cir. 1986) (per curiam). The Prison Litigation Reform Act does not say that a prison account statement must be supplied when the complaint is filed. Instead, the prisoner should be allowed to file the complaint, and then supply a prison

account statement within a reasonable time.  Cf.  Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam) (district court to notify prisoner to supply prison account statement within thirty days of filing appeal in forma pauperis; court can provide more time for good cause).  Because Garrett presented his complaint to the District Court clerk for filing before the statute of limitations ran, we conclude his action is timely.

The defendants argue that Garrett did not allege that he suffered any personal injury or actual damages, but instead asserted that his wife and mother, who were present during the search, suffered emotional injury.  We agree with the defendants that Garrett may not base his Section 1983 action on a violation of the rights of third parties. See Miner v. Brackney, 719 F.2d 954, 956 (8th Cir. 1983) (per curiam), cert. denied, 467 U.S. 1259 (1984).  It is clear, however, that Garrett claims a violation of his own Fourth Amendment rights through an illegal search of his home.  If Garrett proves this claim, he is entitled to a finding of liability and nominal damages even if he cannot prove actual damages.  See Westborough Mall, Inc. v. City of Cape Girardeau, 794 F.2d 330, 339 (8th Cir. 1986), cert. denied, 480 U.S. 918 (1987).

We affirm the District Court's dismissal with respect to the City of Pine Lawn. A city is not vicariously liable under Section 1983 for the acts of its employees.  See Parrish v. Luckie, 963 F.2d 201, 204 (8th Cir. 1992).  To impose liability on the City of Pine Lawn, Garrett must "identify either an official municipal policy or a widespread custom or practice that caused [his] injury."  See Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).  Garrett's complaint fails to state a claim against the City of Pine Lawn because it merely names it as a defendant without identifying any such policy, custom, or practice.

Accordingly, we reverse the District Court's dismissal as to the individual police officers, but affirm the dismissal as to the City of Pine Lawn.  We remand to the District Court for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.