146 F.3d 452
 Leo FRIES, Plaintiff-Appellant,
v.
Richard J. HELSPER, Helsper & Rasmussen, P.C., a South
Dakota corporation, Paul David, George Richards, C. Duane
Patterson, Patterson Richards Hessert Wendorff & Ellison, a
Wisconsin law firm, and O. Dale Larson, Defendants-Appellees.
 Nos. 97-2796, 97-2846, 97-2908 and 97-3142.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 20, 1998.
Decided June 1, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied July 1, 1998.
 
 Larry W. Rader (argued), Wausau, WI, for Plaintiff-Appellant.
 Paul E. David (argued), Patterson, Richards, Hessert, Wendorff & Ellison, Wausau, WI, for Defendants-Appellees.
 Before, BAUER, RIPPLE, and ROVNER, Circuit Judges.
 BAUER, Circuit Judge.
 
 
 1
 Leo Fries filed this action under § 1983 of the Civil Rights Act, 42 U.S.C. § 1983, alleging that the defendants conspired with a state court judge and acted under color of state law to deprive him of his Fourteenth Amendment right to due process of law. The district court judge denied plaintiff's motion for her removal or recusal, dismissed his complaint for failure to state a claim, and imposed sanctions. Fries appeals, and we affirm.
 
 BACKGROUND
 
 2
 To make this appeal understandable, we briefly discuss the background of this case and the litigation that preceded this action. In the initial lawsuit, Fries sued Larson Manufacturing Company ("the Company") in federal district court for royalty payments resulting from the Company's alleged use of a component designed by Fries in the manufacture of storm doors. Initially, Fries obtained a default judgment against Larson Company, but it was discovered that he had not served the Company's registered agent, and, therefore, the court had never obtained jurisdiction over Larson Company. When the Company received notice of the default judgement, it immediately filed a motion to vacate the judgment. In light of the Company's motion, Fries and Larson Company stipulated to (1) an order vacating the default judgment and (2) the dismissal of the action without prejudice.
 
 
 3
 In the second lawsuit, Fries filed an identical complaint in federal district court and properly served the Company's registered agent. Larson Company defended the suit on its merits and moved for summary judgment. The district court granted the Company's motion and dismissed the complaint. Fries then filed a third lawsuit, again in federal court, alleging that various individuals, including some of the current defendants, had fraudulently conducted the litigation in the previous action. The defendants to that action moved for summary judgment, and the district court dismissed the complaint.[1] In a fourth lawsuit, Fries filed a complaint in Wisconsin state court, alleging that he was defrauded out of his default judgment originally entered in the first lawsuit. He argued that Larson Company fraudulently induced him to voluntarily dismiss the default judgment. The state court granted the defendants' motion for summary judgment and imposed sanctions against Fries and his attorney for filing a frivolous lawsuit. However, before the court entered its final order dismissing the complaint, Fries filed yet another lawsuit; it is this action that is the subject of this appeal.
 
 
 4
 In this fifth lawsuit, Fries asserts a § 1983 civil rights action in federal district court against Richard J. Helsper, Helsper & Rasmussen, P.C., Paul David, George Richards, C. Duane Patterson, Patterson Richards Hessert Wendorff & Ellison, and O. Dale Larson (collectively "the defendants"),[2] charging them with violating his constitutional rights and unlawfully depriving him of his property. Specifically, the complaint alleged that the defendants acted under color of state law and conspired with Wisconsin State Court Judge Robert Kinney to obtain the dismissal of Fries's complaint without due process of law. When the instant complaint was filed, the case was randomly assigned to Judge John Shabaz. The defendants then filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the parties proceeded to brief the case. However, after the briefing schedule was set, the clerk of the district court discovered a clerical error and determined that the assignment of the case to Judge Shabaz departed from routine assignment procedures; the case originally should have been assigned to Judge Barbara Crabb because the parties had previously appeared before her.[3] Once the error was discovered, the case was reassigned to Judge Crabb.
 
 
 5
 Subsequent to the reassignment, the defendants filed another motion, a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, and requested the district court to set a hearing date to consider its request. Fries received notice from the court clerk that a hearing was scheduled for July 16, 1997 before Judge Crabb, and he immediately questioned why a hearing was set before Judge Crabb and not Judge Shabaz. Fries responded by filing a motion for the removal or recusal of Judge Crabb pursuant to 28 U.S.C. § 455,[4] arguing that: (1) Judge Crabb did not have the authority to decide the defendants' motions because the case was assigned to Judge Shabaz; (2) Judge Crabb lacks impartiality because in previous claims involving the current parties she entered improper and arbitrary rulings; and (3) as a member of the Democratic Party, Judge Crabb is biased by her knowledge of defendant Dale Larson's support of and contributions to the Party.
 
 
 6
 In a memorandum opinion and order entered on July 15, 1997, Judge Crabb declined to disqualify herself and then dismissed the complaint for failure to state a claim upon which relief could be granted. In consideration of plaintiff's motion for her removal or recusal, she explained that there had been a clerical error in the initial assignment of the case to Judge Shabaz; the case should have originally been assigned to her. After the mistake was discovered, the case then was assigned to her. Judge Crabb also rejected Fries's additional arguments demanding her disqualification, finding that no reasonable person would believe his "balderdash" allegations of bias and impropriety. Therefore, Judge Crabb determined that she had proper jurisdiction and authority to rule on the defendants' motions, and finding no conceivable set of facts under which the defendants could have been acting under color of state law, she dismissed Fries's complaint.
 
 
 7
 In a motion hearing the next day, Judge Crabb considered defendants' request for sanctions; they submitted affidavits which documented and explained the attorneys' fees and expenses incurred in defending this lawsuit. Although they had received notice of the hearing, neither Fries nor his lawyer attended, and as a result, there were no objections to the affidavits submitted or the fees and expenses requested. The following day the district court granted the defendants' motion and imposed sanctions on Fries and his lawyer for filing a frivolous lawsuit. The district court determined that defendants David, Richards, and Helsper incurred various expenses and had to forgo other opportunities in preparing and presenting their defense and that of their co-defendants and, therefore, were entitled to reimbursement for those expenses and lost opportunities. Accordingly, the district court awarded reasonable attorneys' fees and costs to the defendants in the amount of $5,779.64 and also permanently enjoined Fries from filing another lawsuit in federal district court based on a claim that he is entitled to royalty payments from Larson Company.
 
 
 8
 Fries filed timely notices of appeal.[5] On appeal, Fries argues that: (1) Judge Crabb did not have the authority to decide either the defendants' motion to dismiss or their motion for sanctions; (2) the sanctions were frivolous and imposed without notice; and (3) the district court erroneously dismissed the complaint for failure to state a claim for relief. With these facts and the procedural history as background, we now turn to the issues presented for review.
 
 ANALYSIS
 
 9
 As a preliminary matter, to the extent that Fries's arguments, which challenge the authority of Judge Crabb to decide the motions and question her ability to remain impartial, deserve any comment, we find the arguments meritless and undeserving of a detailed discussion. The record clearly illustrates that Judge Crabb had proper authority to decide the motions. Pursuant to the case assignment system implemented in the Western District of Wisconsin, it was an obvious clerical error for the case to be assigned to Judge Shabaz. That error was corrected by the reassignment of the case to Judge Crabb; there was absolutely nothing illicit or irregular about the reassignment. Accordingly, we agree that Judge Crabb had the authority to hear and to rule on the motions.
 
 
 10
 As to Fries's remaining arguments which question Judge Crabb's impartiality and impugn her character, our review of these arguments requires no other comment except to emphasize that there is no evidence of a personal bias, and we have no doubt that Judge Crabb's impartiality was not compromised by any personal prejudice. Accordingly, we agree that Fries's motion to disqualify Judge Crabb was frivolous; jurisdiction was proper. Judge Crabb had the authority to rule on defendants' motions, to dismiss plaintiff's complaint, and to impose sanctions. Let us now turn to the remaining issues on appeal.
 
 
 11
 We review a district court's decision to grant a motion to dismiss for failure to state a claim de novo. Starnes v. Capital Cities Media, Inc., 39 F.3d 1394, 1395 (7th Cir.1994). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief. Vickery v. Jones, 100 F.3d 1334, 1344 (7th Cir.1996). When analyzing the dismissal of a complaint under Rule 12(b)(6), we accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. Wiemerslage Through Wiemerslage v. Maine Township High Sch. Dist. 207, 29 F.3d 1149, 1151 (7th Cir.1994). At a minimum, a complaint must contain facts sufficient to state a claim as a matter of law, and mere conclusory allegations of a conspiracy are insufficient to survive a motion to dismiss. House v. Belford, 956 F.2d 711, 721 (7th Cir.1992).
 
 
 12
 The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. Wyatt v. Cole, 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992). If such a deprivation occurs, § 1983 provides relief to victims who suffer that deprivation. Id. Specifically, the cause of action requires:
 
 
 13
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 
 
 14
 42 U.S.C. § 1983. To state a valid cause of action under § 1983, a plaintiff must demonstrate that: (1) the defendant(s) deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). For an individual to act under color of law, there must be evidence of a concerted effort between a state actor and that individual. Id. at 152, 90 S.Ct. 1598; Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir.1985) (emphasis added). To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, Starnes, 39 F.3d at 1397; and (2) those individual(s) were " 'willful participant[s] in joint activity with the State or its agents.' " Adickes, 398 U.S. at 152, 90 S.Ct. 1598 (quoting United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)).
 
 
 15
 In this appeal, Fries argues that the defendants conspired with Judge Kinney and acted under color of state law to deprive him of his property without due process of law. Fries cites the Supreme Court's decision in Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), to support his conspiracy theory and explains that "[p]rivate persons, jointly engaged with state officials in the challenged action, are acting under color of law for purposes of § 1983." 449 U.S. at 27-28, 101 S.Ct. 183. Fries claims that Judge Kinney conspired with the defendants to either conceal or destroy certain court documents to deprive him of his royalty payments, and asserts that Judge Kinney's failure to rule on some of the motions plaintiff had filed also resulted from the defendants' influence. In light of the alleged conspiracy and "joint action," Fries argues that the complaint sufficiently states a claim for relief under § 1983.
 
 
 16
 Although Fries correctly restated the Court's conclusion that, generally, private individuals act under color of law when jointly acting with a state official to deprive some person of his constitutional right, see Dennis, 449 U.S. at 27-28, 101 S.Ct. 183, he failed to mention the Supreme Court's remark immediately following: "[o]f course, merely ... being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." Id. In an attempt to state a claim for relief under § 1983, Fries included only accusations and conclusory allegations that the defendants conspired with Judge Kinney and influenced his decisions. As the district court articulated in its opinion, mere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss. Moreover, plaintiff's complaint is unclear as to how the defendants' conduct was connected to Judge Kinney's alleged failure to act on some of the motions and, as a result, qualified as state action. Nothing in the complaint demonstrates the existence of any joint action, concerted effort, or even a general understanding between Judge Kinney and the defendants. In sum, we agree with the district court's determination that Fries failed to demonstrate that the defendants acted under color of law; it was appropriate for the district court to dismiss Fries's complaint.
 
 
 17
 Although it is unnecessary to address the second element required to state a claim for relief under § 1983, nonetheless, Fries also failed to establish that additional requirement--he failed to demonstrate that he was deprived of due process of law. To the contrary, the record clearly illustrates that Fries received more than sufficient process of law. This lawsuit is the fifth complaint filed by Fries that includes allegations related, if not identical, to those previously asserted in an attempt to relitigate his claim to royalty payments from the Larson Company. In fact, previous complaints have been dismissed by the district court, and those dismissals affirmed by this court--not once, but twice. Fries had his day in court and has been rendered due process of law.
 
 
 18
 Next, we consider the district court's order imposing sanctions on Fries and his lawyer; we review the district court's imposition of sanctions for an abuse of discretion. Matter of Generes, 69 F.3d 821, 827 (7th Cir.1995). One of the basic purposes of Rule 11 of the Federal Rules of Civil Procedure is "to deter baseless filings in the district court...." Cooter & Gell v. Hartmarx Corp., et al., 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Specifically, Rule 11 requires that an attorney and/or party certify to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that any pleading or motion presented to the court is not being presented for an improper purpose and that the allegations and other factual contentions have a legally sufficient basis to support the claim. As a preliminary matter, when a party requests a court to impose sanctions, it must first give notice of its intent to seek sanctions and provide the attorney or party charged with a reasonable opportunity to respond. FED. R. CIV. PRO. 11(c). Then, a district court determines whether there has been a violation of Rule 11 to warrant the imposition of sanctions, id.; a court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose. In particular, a frivolous argument or claim is one that is "baseless and made without a reasonable and competent inquiry." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc).
 
 
 19
 On appeal, Fries first argues that he did not receive proper notice of defendants' intent to seek sanctions, and therefore, the imposition of sanctions is improper. Fries also claims that the award of sanctions resulted from Judge Crabb's pervasive bias, and he asserts that her decision to impose sanctions illustrates her prejudice and qualifies as "egregious conduct." Accordingly, Fries argues that the district court's decision to impose sanctions should be reversed.
 
 
 20
 We address Fries's first argument: after the defendants filed the motion for sanctions and requested the court to schedule a hearing, the district court informed the parties on July 1, 1997 that a motion hearing was scheduled for July 16, 1997. Clearly, Fries and his attorney had sufficient notice to prepare for the hearing, and consequently, plaintiff's first argument must fail. With regard to the remaining arguments, we first recognize that not only has Fries entangled multiple defendants in duplicitous litigation based on unfounded allegations, he also has impugned the integrity of a state court judge as well as the reputation of a federal district court judge with total disregard for the truth. As we determined above, Fries had no basis in fact or law to dispute the integrity of Judge Crabb or to suggest that the defendants conspired with Judge Kinney to deprive him of royalty payments. These scurrilous allegations are unfounded; the only evidence of improper conduct consists of the plaintiff's own baseless accusations that court officials were personally biased and abused their authority and that a conspiracy existed. See Anderson v. County of Montgomery, 111 F.3d 494, 501 (7th Cir.1997).
 
 
 21
 The "evidence" presented by Fries and his lawyer to demonstrate that the district court judge's decision was tainted by prejudice and that the state court judge's course of action resulted from a conspiracy with the defendants is absent and that lack of factual foundation warrants the imposition of sanctions. We agree with the district court that an award of $5,779.64, in addition to the permanent injunction,[6] are appropriate sanctions. The district court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person(s). FED. R. CIV. PRO. 11, Advisory Committee's Notes (1993 Amendments). As the district court articulated, Fries has abused the legal process and harassed these defendants long enough in his relentless pursuit to obtain royalty payments from Larson Company. Based on the facts of this case, the district court acted within its discretion when it imposed sanctions on Fries and his lawyer for filing a frivolous lawsuit.
 
 CONCLUSION
 
 22
 For the foregoing reasons, we AFFIRM the district court's denial of plaintiff's motion for removal or recusal, the dismissal of plaintiff's complaint for failure to state a claim, and the imposition of sanctions.
 
 
 
 [1]
 Fries appealed the dismissal of his complaints in the second and third lawsuits, and this court affirmed the district court's dismissal of each complaint
 
 
 [2]
 Richard J. Helsper, a partner in Helsper & Rasmussen, represented the Larson Company in previous litigation involving Fries's lawsuits. Larson Company retained Paul David, George Richards, and C. Duane Patterson, attorneys with the law firm of Patterson Richards Hessert Wendorff & Ellison, as local counsel in the Wisconsin state court litigation. O. Dale Larson is an officer of Larson Company. The law firms and the individuals are named as defendants in the present case for their participation, in some capacity, in the preceding state court litigation
 
 
 [3]
 The Western District of Wisconsin uses a lottery system to randomly assign cases, with the exception that when parties have already appeared before a particular judge, all efforts are made to assign any future litigation involving those parties to the same judge
 
 
 [4]
 Section 455(a) requires a judge to disqualify herself in any proceeding in which her impartiality "might reasonably be questioned," and § 455(b)(1) requires disqualification in a case when the judge has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455
 
 
 [5]
 On July 30, 1997, this court entered an order to consolidate Fries's appeals for purposes of briefing and disposition
 
 
 [6]
 Although Rule 11 does not enumerate the factors a court should consider in deciding whether to impose sanctions or what sanctions would be appropriate in the circumstances, the rule specifically notes that a sanction may be non-monetary as well as monetary. FED. R. CIV. PRO. 11