**Timothy T. RYAN, Jr. and Garrett Wainwright, Plaintiffs–Appellants,**

v.

**MARY IMMACULATE QUEEN CENTER, et al., Defendants–Appellees.**

No. 98–3849.

United States Court of Appeals, Seventh Circuit.

Submitted June 8, 1999.

Decided Aug. 17, 1999.

Timothy T. Ryan, Jr., Warrenville, IL, Pro Se.

Garrett Wainwright, Warrenville, IL, Pro Se.

Thomas Joseph Scannell, Chicago, IL, for Mary Immaculate Queen Center, Village of Lombard and Barbara O'Malley.

Ellen L. Champagne, Office of the State's Attorney of Dupage County, Wheaton, IL, for Richard P. Doria.

James D. Baltzer, Lombard, IL, Pro Se.

Before POSNER, Chief Judge, and FLAUM and ROVNER, Circuit Judges.

POSNER, Chief Judge.

The plaintiffs, Ryan and Wainwright, brought suit under 42 U.S.C. § 1983 against Doria, who is the sheriff of DuPage County, and against three of his deputy sheriffs—Guenther, Vail, and Weiser—

complaining about incidents on October 23 and October 25, 1996, that arose out of the efforts of the plaintiffs' landlord to evict them. The district court dismissed the suit for failure to state a claim, so we accept the facts alleged in the complaint. On the twenty-third, Guenther and Vail had attempted to serve the plaintiffs with a summons in the landlord's eviction action. Ryan told the deputies that Wainwright was not at home. Although Guenther and Vail did not have either a search warrant or Ryan's consent to search the premises for Wainwright, Doria had ordered them to take whatever steps were necessary to get the job done (that is, to serve the eviction notices on Ryan and Wainwright), and they interpreted this to mean that they should search the apartment for Wainwright and they did but they didn't find him. The pattern was repeated on October 25 but with Weiser in place of Guenther and Vail. The defendants' conduct is alleged to have violated the plaintiffs' Fourth Amendment rights. There are other charges and other defendants but no need to discuss the district court's disposition of them, which was clearly correct.

█ The district court dismissed the Fourth Amendment claim against Doria on the ground that the complaint did not allege how he had caused or participated in either search. But the complaint alleges that Doria had personally directed the search and that is enough to affix liability to a supervisor. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995). The court also erred in dismissing the Fourth Amendment claim against Guenther and Vail on the ground that the amendment is not violated unless there is both a search and a seizure, and there was no seizure, since Wainwright could not be found. There is no basis in the law for such a ruling. If officers without a warrant or other authority ransack someone's house to find something that isn't there, and as a result seize nothing, there is still a violation of the Fourth Amendment for which damages can be obtained. E.g., *Garrett v.*

*Clarke,* 147 F.3d 745, 747 (8th Cir.1998). This is apparent from the myriad of cases in which inspections of premises for violations of health or safety regulations have been held subject to the Fourth Amendment, even though nothing is intended to be seized. E.g., *Contreras v. City of Chicago,* 119 F.3d 1286, 1291 (7th Cir.1997). (Likewise here, the officers weren't trying to seize Wainwright, but only to serve process on him.) And as the plaintiffs' landlord had not as of October 25 obtained a valid order granting him exclusive possession of the premises, the plaintiffs had standing to contest the search.

█ The tricky issue presented by the appeal is whether the district court was right to hold that the complaint did not adequately allege Weiser's involvement in the October 23 search. Remember that Weiser was not one of the deputies who conducted that search. All the complaint says about him in relation to it is that he "conspired" with the other defendants. The question is whether this allegation, either by itself or in combination with the fact that Weiser is alleged to have conducted the search that took place two days later, is enough to satisfy the liberal pleading standards of the Federal Rules of Civil Procedure, standards that we now know federal judges are not authorized to tighten up for civil rights cases. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Payton v. Rush–Presbyterian–St Luke's Medical Center,* 184 F.3d 623 (7th Cir. 1999); *Kyle v. Morton High School,* 144 F.3d 448, 454–55 (7th Cir.1998) (per curiam).

█ The fact that Weiser conducted the search two days later gives no reason to believe him involved in the previous search; so far as is alleged or appears, he just happened to be the deputy who was assigned to execute the later search and had had nothing to do with the previous one, and he unlike the deputies in the previous search had a court order (an emergency order of protection that the

landlord had obtained from an Illinois state court, granting him exclusive possession of the premises that were searched, but later held to have been issued in excess of the court's jurisdiction) to back him up. So the question comes down to whether the bare allegation that a defendant conspired with other defendants whose unlawful acts are adequately alleged satisfies Rule 8 as to that defendant. We think not. It is true that all that the federal rules require of a complaint is that it put the defendant on notice of the plaintiff's claim; but notice implies some minimum description of the defendant's complained-of conduct. The purpose of this requirement is less to give the defendant enough information to begin to prepare a defense—if truly puzzled, he could always serve a contention interrogatory on the plaintiff—than to allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit, so that if he does not the case can be got rid of immediately without clogging the court's docket and imposing needless expense on the defendant. *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775–76 (7th Cir.1994); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1430 (7th Cir.1993); *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999). The forms appendix to the rules gives as an example of an adequate complaint (Form 9, see Fed.R.Civ.P. 84) "On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway," grievously injuring him. The negligence is not described but the defendant is given a pretty concrete idea of what he has to defend against and, more important, the court is informed that the plaintiff's claim is well within the ballpark of plausible legal claims.

That reassurance is missing here. A conspiracy is an agreement and there is no indication of when an agreement between Weiser and the other defendants was formed, what its terms were except that

they somehow included a search of the premises occupied by the plaintiffs, or what Weiser's role was in the October 23 incident since he didn't participate in the search that day. The form and scope of the conspiracy are thus almost entirely unknown. This is a case of a bare allegation of conspiracy, and such an allegation does not satisfy Rule 8, either under our cases, *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir.1998); *Young v. Murphy*, 90 F.3d 1225, 1233 n. 5 (7th Cir.1996); *Kunik v. Racine County*, 946 F.2d 1574, 1580–81 (7th Cir.1991); *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir.1982), or cases in the other circuits that have dealt with the issue. E.g., *Holloway v. Ohio*, 179 F.3d 431, 446 (6th Cir.1999); *DM Research, Inc. v. College of Pathologists, supra*, 170 F.3d at 55–56; *Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir.1999); *Aquatherm Industries, Inc. v. Florida Power & Light Co.*, 145 F.3d 1258, 1261 (11th Cir. 1998). So the district court was right to dismiss the conspiracy charge against Weiser (as well as the charges and defendants not discussed in this opinion), though wrong to dismiss the Fourth Amendment claims against the other three defendants.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.