Bratislav RADIVOJEVIC,
Plaintiff–Appellant,

v.

Richard M. DALEY, et al.,
Defendants–Appellees.

No. 00–4061.

United States Court of Appeals,
Seventh Circuit.

Submitted June 14, 2001.*

Decided June 14, 2001.

Rehearing Denied Oct. 3, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, and WILLIAMS, Circuit Judges.

## ORDER

Bratislav Radivojevic sued the city of Chicago and various city officials under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, complaining of "dangerous and hazardous" conditions in and around his condominium in Chicago. The district court dismissed his complaint for failure to state a claim upon which relief can be granted and Radivojevic appeals. We affirm.

As best we can tell from his complaint, Radivojevic claims that the city of Chicago violated his civil rights by failing to inspect his property and force his condominium association to redress the conditions he complains of, which include "peeling paint," "garden wastes," and termites. He further alleges that he has a disability (a spinal disorder) that the city failed to accommodate when it allowed those conditions to continue to exist.

Radivojevic apparently interprets the Fair Housing Act to provide a federal cause of action against local governments that fail to enforce their building codes. We have no trouble concluding that the Act, which prohibits discrimination in the sale or rental of housing, does not go so far. The city did not sell, nor does it rent, Radivojevic's condominium to him; thus, the repairs and accommodations he seeks are not the city's responsibility to make. Furthermore, even assuming that the facts in Radivojevic's complaint might state a claim under the Act, the legal records attached to the complaint (of which the district court properly took judicial notice, *see General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir.1997)), squarely contradict his allegations. Those records show that the city sued Radivojevic's condominium association for building code violations, that those violations have since been corrected, and that the city's efforts were impeded by Radivojevic's own refusal to allow inspectors and maintenance workers to enter his unit to fix the identified conditions. We might also add that Radivojevic has failed to state how the city's alleged failure to enforce its building code was in any way related to his handicap.

Radivojevic's complaint also contains the bare allegation that "the defendants coerced, intimidated, threatened, or interfered with the plaintiff on account of the activity protected under the Fair Housing Act." Radivojevic devotes much of his briefs on appeal to elaborating on this

claim, but to survive a motion to dismiss, Radivojevic had to satisfy Federal Rule of Civil Procedure 8 by including in his complaint some minimum description of the defendants' complained-of conduct. *See Ryan v. Mary Immaculate Queen Ctr.,* 188 F.3d 857, 860 (7th Cir.1999). He has not done so here.

Finally, we note that Radivojevic has previously filed several frivolous appeals in this court, including one that prompted us to warn him that sanctions might follow if he filed another. *Radivojevic v. Air Canada,* No. 00–2363, 2000 WL 1875732 (7th Cir. Dec.21, 2000). This appeal is frivolous. Accordingly, we direct Radivojevic to show cause within 14 days why sanctions should not be imposed under Federal Rule of Appellate Procedure 38. The judgment of the district court is AFFIRMED.