**Bratislav M. RADIVOJEVIC,**
**Plaintiff–Appellant,**

v.

**GRANVILLE TERRACE MUTUAL OWNERSHIP TRUST and Loretta C. Corfman, Defendants–Appellees.**

No. 01–1498.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 9, 2001.*

Decided Oct. 9, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. RICHARD A. POSNER, Hon. DANIEL A. MANION, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.

## ORDER

In 1997 Bratislav Radivojevic contracted to purchase 40 shares of the Granville Terrace Mutual Ownership Trust, which would have entitled him to receive a proprietary lease for a certain cooperative apartment in Chicago. The contract specified that the sale was subject to approval by the board of trustees. When the board did not approve (and the sale therefore did not close), Radivojevic sued, first the seller and now the board, alleging disability discrimination. The district court dismissed his complaint, and Radivojevic appeals. We affirm.

Radivojevic's complaint asserts claims under the Civil Rights Statutes, 42 U.S.C. §§ 1981–83, and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* Addressing first the claim under the Fair Housing Act, we conclude that the district court properly found it barred by the statute of limitations. The Act requires that suits by private parties be brought within two years after the occurrence of the allegedly discriminatory housing practice. 42 U.S.C. § 3613(a)(1)(A). Here, the allegedly discriminatory event occurred on May 14, 1997—when the board denied Radivojevic's request for consent to the sale—but Radivojevic did not bring this action until May 19, 2000, more than three years later. Radivojevic apparently believes that the two-year limitations period was tolled during the pendency of his administrative proceedings at the state and local level. But

the Act provides for tolling of the limitations period only where administrative proceedings are pending before the Department of Housing and Urban Development or a "certified agency." *Id.* §§ 3613(a)(1)(B), 3610; *see generally United ed Farm Bureau Mut. Ins. Co ., Inc. v. Metro. Human Relations Comm'n,* 24 F.3d 1008, 1011 (7th Cir.1994) (discussing certification process). And the district court found that neither of the agencies in question (the Illinois Department of Human Rights and the City of Chicago Department of Human Relations) is reported in the Federal Register as a "certified agency." *See* 24 C.F.R. § 115.102(a) (list of all agencies having interim certification or certification to be published in the Federal Register); *see also* 61 Fed.Reg. 53380, 53381 (Illinois Department of Human Rights *denied* interim certification in 1996 because it did not provide substantive rights and remedies for discriminatory housing practices). Radivojevic makes no argument that the district court's findings were in error, and our own search confirms the findings. The district court properly dismissed the claim as time-barred.

Likewise, the district court rightly concluded that Radivojevic failed to state a claim under 42 U.S.C. §§ 1981 and 1982. Those statutes are concerned with *racial* discrimination, *see Morris v. Office Max, Inc.,* 89 F.3d 411, 413 (7th Cir.1996), and nowhere in his complaint does Radivojevic allege he was discriminated against because of his race. Nor has Radivojevic stated a cause of action under § 1983 and the Fourteenth Amendment: his complaint contains no allegation of "state action," a necessary component of a § 1983 claim.

*Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir.1998).

AFFIRMED.