**Rex L. TANDY, Plaintiff,**

v.

**Raymond MARTI and Dave Sinclair Ford, Inc., Defendants.**

**No. 01–CV–724–DRH.**

United States District Court, S.D. Illinois.

April 29, 2002.

Mitchell B. Stoddard, Consumer Law Advocates, Chesterfield, MO, for plaintiff.

Eric M. Rhein, Eric M. Rhein, P.C., Belleville, IL, for Raymond Marti, defendant.

Bill T. Walker, Granite City, IL, for Dave Sinclair Ford, Inc.

### MEMORANDUM AND ORDER

HERNDON, District Judge.

### I. *Introduction*

On November 1, 2001, Rex Tandy filed a six-count Complaint against Defendants Raymond Marti and Dave Sinclair Ford alleging common law fraud and violations of the Truth in Lending Act, Illinois Consumer Fraud Act, and Illinois Motor Vehicle Retail Installment Sales Act (Doc. 1). In his only count against Sinclair Ford, Tandy alleges that Sinclair Ford violated the Illinois Consumer Fraud Act when it sold a vehicle to Beach Sales, from whom Tandy purchased the vehicle, with knowledge that the vehicle had a bent frame, was unsafe, and that Beach Sales was likely to re-sell the vehicle to the public (Doc. 1, ¶ 57). On November 23, 2001, Sinclair Ford filed a motion to dismiss Count VI of Tandy's Complaint and for an award of reasonable attorney's fees (Doc. 2).

### II. *Motion to Dismiss*

When ruling on a motion to dismiss for failure to state a claim, the district court assumes as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir.1998) (citing *Wiemerslage Through Wiemerslage v. Maine Township High School Dist. 207*, 29 F.3d 1149, 1151 (7th Cir.1994)). The question is whether, under those assumptions, the plaintiff would have a right to legal relief. *Id.* This standard also has been articulated:

> [U]nder "simplified notice pleading," . . . the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Lewis v. Local Union No. 100 of Laborers' Int'l Union,* 750 F.2d 1368, 1373 (7th Cir. 1984) (quoting *Conley v. Gibson,* 355 U.S. 41, 46–47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Accord *Fries,* 146 F.3d at 457; *Vickery v. Jones,* 100 F.3d 1334, 1341 (7th Cir.1996).

The Seventh Circuit has reiterated the liberal standard governing notice pleading:

> It is sufficient if the complaint adequately notifies the defendants of the nature of the cause of action .... As the Supreme Court has recently reminded us, the Federal Rules of Civil Procedure do not permit us to demand a greater level of specificity except in those instances in which the Rules specifically provide for more detailed elaboration. See *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

*Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84,* 133 F.3d 1054, 1057 (7th Cir.1998); *See also Kaplan v. Shure Brothers, Inc.,* 153 F.3d 413, 419 (7th Cir. 1998). In fact, the Seventh Circuit has instructed that a plaintiff's claim *must* survive a 12(b)(6) dismissal motion if relief could be granted under *any* set of facts that could be proved consistent with the allegations. *Hi–Lite Prod. Co. v. American Home Prod. Corp.,* 11 F.3d 1402, 1409 (7th Cir.1993).

### III. *Analysis*

 Sinclair Ford argues that Tandy fails to state a claim against Sinclair Ford for a violation of the Illinois Consumer Fraud Act because there is no privity between Sinclair Ford and Tandy and because neither Beach Sales nor any of its employees are agents of Sinclair Ford. The Illinois Consumer Fraud Act created a new cause of action that affords consumers broad protection by prohibiting any "deception" or "false promise." *Miller v. William Chevrolet/GEO, Inc.,* 326 Ill.App.3d

642, 654, 260 Ill.Dec. 735, 762 N.E.2d 1 (1st Dist.2001). The Act gives a "clear mandate to the Illinois courts to utilize the Act to the greatest extent possible to eliminate all forms of deceptive or unfair business practices and provide appropriate relief for consumers." *Totz v. Continental Du Page Acura,* 236 Ill.App.3d 891, 901, 177 Ill.Dec. 202, 602 N.E.2d 1374 (2nd Dist.1992). The Act is to be construed liberally to effect its purpose. *Connick v. Suzuki Motor Co.,* 174 Ill.2d 482, 504, 221 Ill.Dec. 389, 675 N.E.2d 584 (1996). Section 2 of the Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ... in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2. Creating a private cause of action, section 10a provides that "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS 505/10a(a). Therefore, to prove a claim under the Illinois Consumer Fraud Act, a plaintiff must show (1) a deceptive act or practice by the defendant; (2) defendant's intent that plaintiff rely on the deception; (3) that the deception occurred in the course of conduct involving trade and commerce; and (4) damages. *Connick,* 174 Ill.2d at 501, 221 Ill.Dec. 389, 675 N.E.2d 584. Generally, only consumers can bring an action under the Act. *Elder v. Coronet Ins. Co.,* 201 Ill.App.3d 733, 749–50, 146 Ill.Dec. 978, 558 N.E.2d 1312 (1st Dist.

1990). A consumer is defined as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). "Nowhere does [this] definition require that privity exist between the purchaser and the provider of the merchandise." *Elder*, 201 Ill.App.3d at 750, 146 Ill.Dec. 978, 558 N.E.2d 1312.

The Court finds that Tandy has alleged facts sufficient to survive Sinclair Ford's motion to dismiss. Tandy was a consumer of a used vehicle, and he alleges that Sinclair Ford "used deception, fraud, false pretense, false promise, misrepresentation, or concealed, suppressed, or omitted a material fact with intent that others rely upon the concealment, suppression or omission when it sold the vehicle to Beach Sales with knowledge that the vehicle had a bent frame, was unsafe, and that Beach Sales would likely re-sell the vehicle to the public." (Doc. 1, ¶ 57). Tandy further alleges that as a "direct and proximate result of Sinclair Ford's violation of [the Act], Plaintiff was damaged." (Doc. 1, ¶ 60). Tandy has alleged every element of a claim under the Illinois Consumer Fraud Act, and there is no requirement that there be privity between the consumer and the provider of the merchandise.[1] Accepting as true all the factual allegations in Tandy's Complaint and drawing all reasonable inferences in his favor, the Court cannot say that it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

█ Sinclair Ford also argues that Tandy's suit against it should be dismissed because Tandy failed to comply with 815 ILCS 505/10a(h), requiring a plaintiff seeking relief under this section to provide written notice of the alleged violation to a new or used vehicle dealer 30 days prior to filing suit. In response, Tandy notes that § 505/10a(h) only requires that written notice be provided to vehicle dealers as defined by Chapter 5 of the Illinois Vehicle Code, and Chapter 5 defines "used car dealer" as one who engages in used "motor vehicle sales and who has an established place of business for such purpose *in this State*." 625 ILCS 5/1–215 (emphasis added). Therefore, Tandy argues, because Sinclair Ford does not have an established place of business in Illinois, under the clear language of the statute, Tandy was not required to send Sinclair Ford this written notice. The Court agrees with Tandy.

The Court denies Sinclair Ford's motion to dismiss for failure to state a cause of action and, accordingly, denies Sinclair Ford's motion for an award of reasonable attorney's fees.

### IV. *Conclusion*

The Court **DENIES** Sinclair Ford's motion to dismiss (Doc. 2–1) and motion for an award of reasonable attorney's fees (Doc. 2–2).

**IT IS SO ORDERED.**

---

**1.** This also belies Sinclair Ford's argument that because the sale between Beach Sales and Sinclair Ford was a wholesale transaction between two dealers, neither of which is a consumer, the Illinois Consumer Fraud Act does not apply. The wholesale transaction between Sinclair Ford and Beach Sales is irrelevant when Tandy, a consumer, is the plaintiff in this action.