**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 19, 2006[*]
Decided June 21, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4285

| | |
|---|---|
| LEON SNIPES,<br>    *Plaintiff-Appellant,*<br><br>v.<br><br>ROBERT PALMER,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 05 C 5871<br><br>David H. Coar,<br>*Judge.* |

**O R D E R**

Illinois inmate Leon Snipes claims that Robert Palmer, the court-appointed attorney who represented him in a civil-rights appeal he lost in 1996, *see Snipes v. Detella,* 95 F.3d 586 (7th Cir. 1996), violated the Constitution by conspiring with his law students, this court, and prison officials to "rid themselves of Plaintiff's meritorious case."  The district court dismissed his case under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and assessed a strike under § 1915(g).

---

[*] The appellee was not served with process in the district court and is not participating in this appeal.  After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the appellant's brief and the record.  *See* Fed. R. App. P. 34(a)(2).

The district court was correct to dismiss the complaint.  Even though attorneys are licensed and regulated under state law, they are private actors who do not function under color of law unless they work in concert with government officials to deprive persons of their constitutional rights.  *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998).  While Snipes alleges that Palmer conspired with this court and Illinois prison officials, his complaint says nothing about the timing, scope, and terms of the purported agreement and therefore does not satisfy the minimal requirements of notice pleading.  *See* Fed. R. Civ. P. 8(a); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) (conspiracy "differs from other claims in having a degree of vagueness that makes a bare claim of 'conspiracy' wholly uninformative to the defendant"); *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999).  Indeed, as the district court noted, Palmer's complaint is really just a disguised attack on our 1996 opinion.  In any event, the two-year statute of limitations for civil-rights claims arising in Illinois has long expired.  *See Brademas v. Indiana Hous. Fin. Auth.,* 354 F.3d 681, 685 (7th Cir. 2004); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001); *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996).

Snipes has now accrued three strikes under § 1915(g).  In cataloguing his previous strikes, the district court incorrectly counted *Snipes v. Beard*, No. 92-3035 (C.D. Ill. Oct. 13, 1993), which was dismissed for failure to prosecute.  But, as the district court noted, Snipes acquired a strike for bringing the complaint underlying this frivolous appeal, and the appeal now costs him another.  He already had earned a first strike for *Snipes v. Detella*, No. 92-2349 (C.D. Ill. Sept. 14, 1993), which was dismissed for failure to state a claim, and so now he has three.  Snipes argues that the three-strikes provision is unconstitutional, but we and other courts already have rejected his various arguments.  *See Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314-15, 317-18 (3d Cir. 2001); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997).  Unless Snipes is in imminent danger of serious physical injury, he may not, while incarcerated, bring a civil action or appeal in the federal courts without prepaying the filing fee.

AFFIRMED.