NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2007[*]
Decided August 16, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 06-3021 | |
| | Appeal from the United States |
| ALONJE K. WALTON, SR., | District Court for the Northern |
|     *Plaintiff-Appellant,* | District of Illinois, Eastern Division |
| | |
|     *v.* | No. 06 C 2792 |
| | |
| JEFFREY J. NESLUND, | Suzanne B. Conlon, |
|     *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Illinois inmate Alonje K. Walton, Sr., claims that his retained attorney violated his federal civil rights and committed malpractice at his state trial where he was convicted of aggravated criminal sexual assault. The district court screened Walton's complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim. Walton appeals.

---

[*]The appellee was not served with process in the district court and is not participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

As the district court observed, Walton cannot proceed with his federal claim under 42 U.S.C. § 1983 because a lawyer is not a state actor when he performs the traditional function of counsel to a defendant in a criminal case. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Walton's federal claim is patently frivolous, and so he could not rely on the district court's supplemental jurisdiction to entertain his state-law malpractice claim. *See* 42 U.S.C. § 1367; *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.*, 471 F.3d 754, 757-58 (7th Cir. 2006). And, as the district court also recognized, Walton and his former lawyer are both citizens of Illinois, so neither was there federal jurisdiction to hear the malpractice claim under the diversity statute. *See* 28 U.S.C. § 1332; *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). Accordingly, the court properly dismissed Walton's complaint.

We note for future reference that Walton has incurred two "strikes" under 28 U.S.C. § 1915(g) in the course of this lawsuit: one for filing a frivolous claim in the district court, and one for appealing the claim.

AFFIRMED.