NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2007[*]
Decided September 24, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1491

| | |
|---|---|
| BOBBIE SELLERS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division |
| *v.* | No. 1:07-CV-024 JM |
| MITCH DANIELS, et al., *Defendants-Appellees.* | James T. Moody, *Judge.* |

**O R D E R**

States are required, under 42 U.S.C. § 654(31), to notify the United States Department of State when a person is over $2,500 in arrears on child support payments, and the Department of State must deny a passport to anyone who has been reported for such an arrearage. 42 U.S.C. § 652(k)(2); 22 C.F.R. § 51.70(a)(8). Indiana duly reported Bobbie Sellers for his substantial child support arrearage;

---

[*] The appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. The appeal is submitted on the appellant's brief and the record. Fed. R. App. P. 34(a)(2).

Sellers was denied a passport, which caused him to miss an overseas trip he had planned. He soon was able to obtain a passport (his arrearage had gone down) and paid to reschedule his trip. He sued in state court over the money he had paid to reschedule his trip, but he lost. He then sued the state judge and other new defendants in federal court. He lost on summary judgment, and this court dismissed his appeal for failure to prosecute.

Undeterred, Sellers filed the present suit against Indiana's attorney general and an assistant attorney general, who defended the state in Sellers's state suit, the governor, of whose involvement Sellers provides no information, and the district judge and magistrate judge from his first federal suit, claiming that they conspired to deprive him of his right to a trial because he is black. Sellers proceeded *in forma pauperis*, and the district court dismissed the suit for his failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

We agree that Sellers's attempt at yet another collateral attack on his state-court loss is frivolous. A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). For a conspiracy claim it is "wholly uninformative" merely to allege a conspiracy; a plaintiff must therefore plead the parties, general purpose, and approximate dates of the conspiracy to give the defendant notice of the claim. *Loubser v. Thacker*, 440 F.3d 439, 442-43 (7th Cir.), *cert. denied*, 126 S. Ct. 2944 (2006). Those details allow the district court to "determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit," and a "bare allegation" of conspiracy is thus insufficient under Federal Rule of Civil Procedure 8(a). *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999). Here, Sellers has not even suggested how the attorneys general who defended the state in the *state* case, the judges in the *federal* case, and the governor, who was not involved in either, possibly could have conspired with each other to deprive him of his rights. Accordingly, we AFFIRM the district court's dismissal of Sellers's complaint and DENY his pending motions to (1) set this appeal for further briefing and oral argument; and (2) enter default judgment against the appellees or set the case for trial.

Further, Sellers is ordered to show cause why he should not be fined or otherwise sanctioned for filing the present frivolous appeal. His response is due within 14 days of the date of this order.