Gus J. STEVENS, Plaintiff–Appellant,

v.

Darrell JEFFERSON and Amalgam-
ated Transit Union, Local 241,
Defendants–Appellees.

No. 10–3654.

United States Court of Appeals,
Seventh Circuit.

Submitted May 4, 2011.*

Decided May 4, 2011.

Gus J. Stevens, Romeoville, IL, pro se.

Sherrie E. Voyles, Jacobs, Burns, Orlove
& Hernandez, Chicago, IL, for Defen-
dants–Appellees.

Before ILANA DIAMOND ROVNER,
Circuit Judge, TERENCE T. EVANS,
Circuit Judge, DAVID F. HAMILTON,
Circuit Judge.

## ORDER

Gus Stevens, proceeding pro se, appeals
from a judgment in favor of Local 241 of
the Amalgamated Transit Union and its
president, Darrell Jefferson. Stevens is a
union member working for the Chicago
Transit Authority and also serves as an
elected board member of Local 241, a paid
position. Stevens sued the defendants un-
der 42 U.S.C. § 1983 after Local 241 com-
plied with Notices of Levy from the IRS
directing that his salary as a board mem-
ber be turned over to satisfy unpaid taxes,
interest, and penalties exceeding $150,000.
He concedes the validity of the Notices of
Levy but claims that the defendants violat-
ed the Fifth and Eighth Amendments by
complying with them. Stevens also claims
that the defendants violated 18 U.S.C.
§ 1001 by making false statements to fed-
eral officials. He seeks damages and an
injunction against further turnover of his
salary. The district court dismissed the
action for failure to state a claim.

---

* After examining the briefs and the record, we
have concluded that oral argument is unnec-
essary. Thus, the appeal is submitted on the
briefs and the record. *See* FED. R.APP. P.
34(a)(2)(C).

640

Stevens appeals, but his appeal is frivolous. Suits under § 1983 are meant to deter state actors (and private parties acting so closely in concert with them that they too should be considered state actors) from using the "color of state law" to deprive individuals of rights guaranteed by the Constitution. *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir.1998). Unions and union officials are not state actors, *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 815 (7th Cir.2009); *Messman v. Helmke,* 133 F.3d 1042, 1044 (7th Cir.1998), and, regardless, Stevens concedes that Local 241 did nothing more than comply with valid Notices of Levy. As for § 1001, neither criminal statutes generally, *see Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994), nor § 1001 in particular, afford civil plaintiffs a private cause of action, *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir.2007); *Fed. Sav. & Loan Ins. Corp. v. Reeves,* 816 F.2d 130, 137 (4th Cir.1987).

At bottom this litigation tries to extend a previous tax-protestor suit against the IRS and one of its collection agents. *See Stevens v. IRS,* No. 08 C 4071 (N.D.Ill. Sept. 17, 2008). We direct Stevens to show cause within 14 days why we should not impose sanctions under Federal Rule of Appellate Procedure 38 for pursuing a frivolous appeal.

AFFIRMED.