**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2011[*]
Decided May 4, 2011

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3654

| | |
|---|---|
| GUS J. STEVENS,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>DARRELL JEFFERSON and<br>AMALGAMATED TRANSIT UNION,<br>LOCAL 241,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 10 C 5528<br><br>Joan Humpphrey Lefkow,<br>*Judge*. |

**O R D E R**

Gus Stevens, proceeding pro se, appeals from a judgment in favor of Local 241 of the Amalgamated Transit Union and its president, Darrell Jefferson. Stevens is a union member working for the Chicago Transit Authority and also serves as an elected board member of

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Local 241, a paid position. Stevens sued the defendants under 42 U.S.C. § 1983 after Local 241 complied with Notices of Levy from the IRS directing that his salary as a board member be turned over to satisfy unpaid taxes, interest, and penalties exceeding $150,000. He concedes the validity of the Notices of Levy but claims that the defendants violated the Fifth and Eighth Amendments by complying with them. Stevens also claims that the defendants violated 18 U.S.C. § 1001 by making false statements to federal officials. He seeks damages and an injunction against further turnover of his salary. The district court dismissed the action for failure to state a claim.

Stevens appeals, but his appeal is frivolous. Suits under § 1983 are meant to deter state actors (and private parties acting so closely in concert with them that they too should be considered state actors) from using the "color of state law" to deprive individuals of rights guaranteed by the Constitution. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Unions and union officials are not state actors, *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009); *Messman v. Helmke*, 133 F.3d 1042, 1044 (7th Cir. 1998), and, regardless, Stevens concedes that Local 241 did nothing more than comply with valid Notices of Levy. As for § 1001, neither criminal statutes generally, *see Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994), nor § 1001 in particular, afford civil plaintiffs a private cause of action, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987).

At bottom this litigation tries to extend a previous tax-protestor suit against the IRS and one of its collection agents. *See Stevens v. IRS*, No. 08 C 4071 (N.D. Ill. Sept. 17, 2008). We direct Stevens to show cause within 14 days why we should not impose sanctions under Federal Rule of Appellate Procedure 38 for pursuing a frivolous appeal.

AFFIRMED.